Judge Wright
delivered the opinion of the court:
■The defendants object to the charges for towage, for the wages *278 and subsistence of the crew, either in making port or while in port repairing; and claim a reduction from the charge for the> shaft of one-third, upon the marine law of one-third “ new for old.” They claim further, that so reduced, the amount will be less than five per cent, on the sum insured, and so will not be within the policy.
This insurance is, for time, upon the boat, her machinery and furniture, and stipulates for their safety. The policy does not insure a profitable freight, or against loss of wages or subsistence. “ On a policy upon a ship,” says Lord Mansfield, in Robertson v.. Ewen, 1 Term, 127, “ sailors’ wages or provisions are never allowed-in settling the damages. The insurance is on the body of the ship, tackle, and furniture, and not on the voyage or crew.” See also 7 Johns. 431; 11 Johns. 315; 1 Conn. 243; 4 Mass. 551.
It is urged, that inasmuch as the wages and subsistence of' the crew would fall within the common principle of general *average, these items are within the policy. Is this so T G-eneral average or loss is, where individual loss or injury is incurred for the common good of those having a community of interest and benefit, and is apportioned to the interest benefited. When, by stress of weather or other imposing danger, it becomes necessary for a ship to depart from her course and seek shelter in the nearest port; when hostile force has interrupted the voyage- and exacted the payment of ransom ; and in cases of jettison, when-the freight of a particular individual is thrown overboard to save-residue of the cargo and vessel; these being all cases of urgent necessity, and for the good of all concerned, the loss is averaged among all, and hence comes the term of general average. In such cases the risk is imminent, and affects the vessel as well as the cargo, and the insurer on her body is interested that immediate- and effective means should be adopted for her preservation, and reason and justice, as well as the law, subjects him to an average-share of the loss. Phil. on Ins. 331; Marsh. on Ins. 462, 463; Maule & Sel. 402; 2 Caine, 263. The loss in all such cases is apportioned among those who gain by it. It would seem to follow, that when the vessel was made safe in port or otherwise, the insurer on her body has no common interest in what further takes-place, having in view the completion of the voyage or the making-freight. In these the insurer gains nothing. It is true the necessary voyage is interrupted, but more delay is not sufficient to call *279 upon the insurer of the vessel to contribute to a general average. The Belle Creole was not driven out of her course, but pursued her voyage to New Orleans, subject by the accident only to the expense of towage to secure her safe arrival. So far, then, as relates to the wages and subsistence of the crew on the way to New Orleans, or while lying in that port, they constitute no charge against t'he insurer on the policy upon the body and tackle of the boat. The circumstances under which, these expenses were incurred make no case for general average against such insurer.
But it is said these items- are embraced in those terms of the policy which stipulate to “ contribute ” for “ labor and travel ” about the safeguard of the boat. This clause doubtless assures the plaintiffs against any extra labor in ^securing the boat, which would be the direct consequence of accidents within the perils of the insurance. In our opinion it embraces the towage of the boat to New Orleans, that being an expense necessary to her preservation and repair, and charged only till she arrived at the nearest port for repair. The clause might also have embraced the wages and subsistence of extra hands, had any been necessary for securing the boat, or in effecting her repair. The ordinary wages of the crew and their subsistence are only the common expenses of the boat, and are neither increased nor diminished by the accident insured against. If the insurance had been upon freight instead of the body of the boat, the question might have assumed a different aspect. But it is said more was necessary to effectual reparation of the injury than to lay the new shaft upon the deck of the boat; that labor and skill was requisite to set it in its place and put it in readiness for use. This may be admitted; and if it had been necessary to effect the repair to procure the assistance of an artificer or other person not of the crew, the wages and subsistence of such aid would have constituted a part of the extra expense, and been within the policy. The case made does not show any such expense; the charge is for the ordinary wages and subsistence of the co mm on crow of the boat, a charge resting on the assured at any rate. The claim is not that their pay and subsistence was extraordinary, resulting from the accident, but that their labor was not as productive of profit to their employer as it otherwise would have been. . Judge Thompson, of the Supreme Court of New York, in 11 Johns. 321, says, “the insurance is upon the ship, etc., and the wages and provisions of the *280 crew are no part of the thing insured. The court only look to the thing itself, which is the subject of the insurance.” 7 Johns. 432.
Counsel urge that this is an insurance on time, and that in such cases a different rule prevails from that which obtains an insurance upon the body of the ship for a particular voyage. The reasoning upon this point does not very forcibly impress our minds. The contract is, that the boat shall remain uninjured for the period of four months, or if she be injured within that time, to an amount greater than five per cent, on four thousand dollars, that the insurer will indemnify for it. *It is not a contract of indemnity against loss of profit or freight carried, or which might be carried for the four months, nor a stipulation that in case the boat be out of employ, the insurer will, while she is out of employ, pay and subsist her crew. The owner has not contracted with the insurer for a profitable, or ány employment for the boat for four months, or any other time.
It is a settled rule in the law of marine insurance, to reduce charges for repairs one-third new for old. This rule was recognized as applicable to river insurance, by this court, in Wallace v. Ohio Insurance Company, 4 Ohio, 242. But counsel urge that many of the rules which obtain in sea navigation are antiquated and arbitrary, have no application here, and should be rejected by our courts. In Wallace’s case the court were exhorted to the like course, and to take upon itself the revision of the whole law of marine insurance. But in that case the court held “ it safest to adhere to the doctrine as we find it settled, and to administer it as an entire system, to those who claim at our hands the administratration of a part of it.” The court still holds to that opinion. The rule must be applied to this ease, and will reduce the charge of one hundred and seventy-nine dollars and sixty-five cents for the new shaft by one-third to the value of the old.
The loss, when adjusted upon the principles here recognized, rejecting the items for vrages and subsistence, and admitting the •charge for towage and two-thirds of the expense of repairs, will exceed five cent, upon the sum insured, and is therefore chargeable •upon the insurer. The verdict and judgment will be entered for that amount, with interest. J