The cause was decided at the October term, 1833, when the following opinion of the court was delivered by the now Chief Justice:
“ The first ground relied on by the counsel for the defendants is,' that no offence is charged in the recognizance. The offence as there recited is, that Blankman had been brought before a justice ; upon the charge and accusation of the criminal offence of having received goods into his possession, which had been embezzled by one W. Gay, he, the said H. B., knowing the same to have been embezzled, and that the justice having examined witnesses upon oath touching the charge and accusation, &c., adjudged the offence to have been committed, and that there was probable cause to believe Blankman to be guilty thereof. It is enacted (2 R. S. p. 678, § 61) that every person who shall buy or in any way receive any money, goods, &c., knowing the same to have been embezzled, taken or secreted contrary to the provisions of the two last sections, shall, upon conviction, be punished, &c. The 59th section makes the embezzlement by any clerk or servant of a private person, or officer, &c. of a corporation, of money, goods, &c. [255] a felony.
“ It is not necessary to set forth the offence in the warrant, mittimus oi recognizance, with all the particularity or detail required in an indictment Mr. Cliitty lays down the doctrine, that it is not necessary to set out the charge or offence at all in the warrant to arrest; and he seems to be fully supported by authority (1 Chitly's Cr. Law, 33). The practice in this state is briefly to describe it in the recital. In the mittimus it is necessary to allege the particular crime with convenient certainty, but considerable latitude is allowed in this respect, and it seems if the prisoner is brought up to be discharged on habeas corpus, the court will look into the original depositions to see if there is just cause for detaining him (id. 92). And the entire omission of the cause for committing in the mittimus does not make it absolutely void, so as to subject the jailer to an action for false imprisonment or *146 excuse an escape (id. 93). Greater certainty in the description of the offence, should not be required in a recognizance of bail, than in a warrant or mittimus ; and it is quite clear, the description in the one in question would be sufficient in either. The recital is substantially in the words of the statute and enough appears in connection to imply the criminal intent. This conclusion, if correct, answer also the second objection, to wit, that of variance between the indictment and recognizance.
“ The breach is well assigned. The recognizance was to appear at the next court of general sessions in said county, to be held on the 4th Monday of February, (then) next, to answer to an indictment to be found, and to do and receive what should be then enjoined by the court, and not depart without leave. The breach is, that Blankman did not appear, though • solemnly called to answer the indictment which was there found, according to the fora and effect of the condition of the recognizance.
“ The time when the recognizance required the appearance of the prisoner was sufficiently certain, and his default was properly entered for not appearing. It may be entered on any day during the term. The condition is tc appear on the first day, and not to depart without leave of the court. [256] In this case the default was entered on the 10th day of March, which being after the first day of term, it is contended that it was irregular thus to enter it without notice to the bail to produce the prisoner. It seems to be the rule in England, that the prisoner and bail can not be called upon their recognizance, except on the day on which the prisoner is bound to appear, without notice to the bail. If we were to admit the correctness c‘ that practice, and that it was applicable here, the parties should not be per mitted to avail themselves of it in this way. The omission to give notice would be an irregularity for which the default might be set aside upon a proper application, but while it remained should be deemed conclusive. But so far as my experience extends, no such practice exists in this state, nor have we known, or can we perceive, any inconvenience growing out of its omission. The terms of this recognizance require, substantially, the appearance on the first day of term; and de die in dsem, during its continuance unless discharged by the court. Whether the prisoner is called on the first day or not, he must remain and be ready to answer on any subsequent day, whatever may be alleged against him. Notice to the bail, therefore, would seem to be idle. Though now usually called on the first day, yet, if he does not appear, his default is not entered in order to give him time to come in, which is frequently a convenience to him and his bail. If, however, notice for any subsequent day should be required, this indulgence could not be safely extended, for service of such notice might, and often would be impracticable.
“ The order of the court directing the prosecution of the recognizance in pursuance of section 31, 2 R. S., p. 486, need not be averred in the declaration. If it was necessary, it sufficiently appears; for by that section, the estreat of a recognizance is by the entry of an order directing it to he prosecuted, and the estreat is duly set forth. But I put this point on the ground that the direction to prosecute the bail need not be set forth in the pleadings.
“ Judgment for the plaintiff, with leave to defendants to amend, on payment of costs.