Treat, Justice, delivered the opinion of the court: This was a proceeding by scire facias. The scire facias states that on the 16th of May, 1843, there was filed in the clerk’s office of the Madison circuit court a recognizance in these words: “ Know all men by these presents that we, Francis Van Am-berg, William Shattuck, and G. W. Richardson, are held and firmly bound by these presents to The People of the State of Illinois, for the use of the inhabitants of the county of Madison, in the penal sum of three hundred dollars, for the true payment of which sum, well and truly to be made, we bind ourselves, our heirs, administrators, executors, or assigns, by these presents. Given under our hands and seals, this eleventh day of May, A. d. 1843. The condition of the above obligation [*479] is such, that whereas Francis Van Amberg has been found guilty on the 6th day of May, before Erastus Wheeler, Esq., of passing counterfeit money, and whereas said Francis Van Amberg is desirous of releasing his body from custody ; therefore, if said Francis Van Amberg shall and will be at the court house in the town of Edwardsville, on the fourth Monday of May inst., at the circuit court then and there to be holdenin and for the county of Madison, at the first day thereof, and not depart said court without leave, to answer what may then and there be objected against him, the said Francis Van Amberg; then this obligation to be void, otherwise, and in case of failure thereof, to be in full force and virtue. “ FkaNcis VaN Amberg, [seal.] ' Wm. Shattuck, [seal.] G. W. RichardsoN, [seal.] “ This recognizance was approved by us on the eleventh day of May, A. D. 1843. “ Julius ,L. Barksback, J. P. • Erastus Wheeler, J. P.” . The scire facias then proceeds to aver, that afterwards, and during the May term, 1843, of the Madison circuit court, an indictment was found against Van Amberg, for passing a counterfeit bank note; that he failed to appear and answer to the charge, and that the circuit court declared the recognizance forfeited, and awarded a scire facias. The scire facias was served on Shattuck and Richardson.. They failed to appear, and a judgment by default was rendered against them, that the people have judgment and execution for the amount of the recognizance and costs. To reverse that judgment a writ of error is prosecuted. The principal question presented by the assignment of errors is whether the bond set out in the scire facias can be considered a recognizance. A recognizance at common law was an obligation entered into before some court of record, or magistrate duly authorized, with a condition underwritten, to do some particular act, as to keep the peace, or appear and answer to a criminal accusation. It was not signed by the party entering into it. By it, the eognisor acknowledged that he owed the cogniseea certain sum, to be levied of his goods and chattels, lands and tenements, if he should make default in performing the condition. In other respects it was in form like a penal bond. It was considered an obligation of more solemnity and of greater legal effect than another bond. It was allowed a priority in point of payment, and the lands of the cog-nisee were bound from the time of its enrollment.on the record. 2 Black. Com. 341 ; 3 Tomlin’s Law Diet. 297. Our statute requires every recognizance, that has any [*480] relation to, criminal matters, to be taken to the people of the state ; and when not entered into before a court of record, to be signed by the party acknowledging it. R. L. 221; Gale’s Stat. 239. ' No particular form is prescribed ; no priority in payment is allowed. Before the estate of the eognisor is bound, there must be not only a failure to perform the condition, but an award of execution for the penalty in the proceeding by scire fa-cias ; or the recovery of a judgment for the penalty in the action of debt. The recognizance does not, per se, become a lien on the property, real or personal, of the party entering into it; but whether it is to operate as such depends entirely on legislative enactment. It was so decided by the supreme court of Ohio, in the ease of De Witt v. Osborne, 5 Ohio 305, and in Pennsylvania, in the case of Campbell v. Richardson, 1 Dallas, 131. Our statute is silent in this respect, and the only way in which the recogni-. zance can be made to operate as a lien, is to merge it in a judgment. It then, under the general provision concerning judgments, becomes a lien from the last day of the term at .which the judgment is recovered. The phrase, “ to be levied of your goods and chattels, lands and tenements,” was necessary at common law, as it indicated the intention of the party to bind his estate. Having no such effect here, it is introduced as form, without any regard to its original meaning. It may be rejected without affecting the validity of the recognizance. The character and legal effect of the obligation, under our statute, being so materially different from the one at common law, no good reason is perceived for requiring the same strictness and precision in matters of form. The obligation in question, though not technically, is substantially in the form of the common law recognizance. In the one the party acknowledges that he is held and firmly bound to pay ; in the other, that he owes and is indebted. This language, though variant in form has the same force and meaning. There is no difference in the conditions of the obligation. The mere difference in form, where there is none in substance, should not, in our opinion, vitiate and annul an obligation entered into in good faith by the parties, for the double purpose of releasing the accused from custody, and of securing his appearance to answer the accusation preferred against him. The supreme court of Indiana, in the case of Kearns v. The People, 3 Blackf. 334, held an obligation in the form of a penal bond, similar to the one before us,- to be valid and binding as a recognizance, and affirmed a judgment that had been recovered for the penalty, in a proceeding by scire facias. Other questions, chiefly of a technical character, arising on the record, will now be considered. It is insisted, that in order to render the recognizance valid and binding, there must have been a complaint on oath ; an arrest of the accused; an examination of witnesses; prob-, [* 481] able cause shown that he was guilty of a specific offence, and a decision of the magistrate that bail be given, or the accused stand committed. None of the proceedings before the magistrate, but the recognizance of the accused, and of the witnesses on the part of the prosecution, are required to be sent up to the circuit court. The recognizance stands by itself. It is only necessary that it should set forth substantially the offence charged. This recognizance states that Van Amberg had been found guilty of the crime of passing counterfeit money, and that for the purpose of releasing him from custody, it was executed. This implies that the requisite preliminary proceedings were had. Besides, the recognizance when filed becomes a matter of record, and the presumption from it is, the charge was regularly preferred and investigated, and the proper decision made, before it was entered into and acknowledged. McCarty v. The State, 1 Blackf. 338; The People v. Blankman, 17 Wend. 252. It is further insisted, that the recognizance was not entered into and acknowledged before any authorized officer. The statute requires a justice of the peace, before whom a person is brought, charged with the commission of one of certain specified offences, among them the one specified in this case, to associate with himself some neighboring justice, and authorizes the two together to take bail for the appearance of the prisoner, or commit him to jail, in default of his giving the bail required. R. L. 221; Gale’s Sbat. 239. Two justices then were authorized to take bail in the present case. The persons approving of the recognizance respectively affixed to their signatures the letters J. P. These characters are understood to be an abbreviation of the term justice of the peace; one in common use, and clearly indicating that that office is intended. It'sufficiently appears that the bond was entered into before, and approved by two justices. It is objected, however, that it does not appear of what county they were justices. It is true that justices of one county have no authority to take bail for the appearance of an individual before a court of another county. But in this case, two justices having acted by requiring the accused to appear in the circuit court of Madison county, the presumption here is, that they acted within the scope of their authority, until the contrary is shown. The circuit court, as a matter of convenience, takes cognizance of the fact who are justices of the peace for the county in which it is held, and proof of the official character of these officers is never required, unless that particular question is directly in isspe. The circuit court of Madison county having acted in the case, and decided that the individuals approving of the recognizance were justices of that county, this court, on the evidence before it, cannot say [* 482] that the decision was improper. On a review of the whole case, we are,of the opinion that the judgment of the circuit court should be affirmed with costs.