State v. Plazencia.

---

THE STATE *v.* ALEXIS PLAZENCIA.

On an appeal by the defendant, from a judgment in favor of the State, for the amount of a recognizance entered into by him for his appearance at court, the District Attorney who obtained the judgment is the proper person on whom the citation of appeal should be served.

The fact that a party is a fugitive from justice, cannot affect his right of appeal.

One who has bound himself in a recognizance to appear at a particular term of the court, will not be absolved by the omission of the Attorney for the State to proceed against him at that term. His appearance at that term, was the only means of protecting him from a forfeiture of his recognizance. *Per Curiam.* The law makes it the duty of the prosecuting attorney to have the parties bound by any recognizance called, and to take judgment against them, if the principal be not produced; but this direction to the attorney, does not release the parties to the recognizance.

APPEAL from the District Court of Assumption *Nicholls,* J.

*J. C. Beatty,* District Attorney, for the State.

*Ilsley* and *Connely,* for the appellant.

---

* The defendant was made a garnishee in a proceeding before a Justice of the Peace.

MARTIN, J.　The defendant is appellant from a judgment against him, on a recognizance for his appearance at court.　The Attorney for the State in the Second District, has prayed for the dismissal of the appeal, on the ground that the citation was not served on the proper officer, and on an averment that the defendant is not a resident of the parish of Assumption, as he states himself to be, but is a fugitive from justice, who conceals himself, and cannot be apprehended, or brought to court to stand his trial on the indictment found against him.

It appears to us, that the Attorney for the State, who has obtained the judgment appealed from, and is the representative of the State in that district, is the officer on whom the citation should have been served.　If served on the Governor, or the Attorney General, neither of these functionaries could do any thing on the appeal, until he had communication with the District Attorney. Wherever the residence of this man may be, he has a right of appeal to this court ; and his being a fugitive from justice neither destroys nor impairs his right.　His appeal must, therefore, be sustained.

The counsel for the appellant urges, that the principal and his surety should have been called at the court at which the first was bound to appear by his recognizance ; and that no proceedings having then been had, none could be correctly had at the succeeding term, when the judgment appealed from was taken.

The condition of the recognizance was, that the principal should appear at the May term after the recognizance was entered into. His appearance at that term was the only means of protecting him from the forfeiture of his recognizance.　It is not pretended that he appeared.　The law has made it the duty of the officer of the State to have the parties, bound by any recognizance, called, and to take judgment against them, if the principal be not produced ; but this direction to the officer of the State does not absolve the parties to the recognizance.　If they wish to resist the claim of the forfeiture to the State, they must allege and prove the appearance of the principal.

*Judgment affirmed.*