The opinion of the Court was delivered by
G-lover, J.
The order, directing a bench warrant to issue, plainly sets forth a charge of forgery; but it is insisted that as the warrant 'did not conform to the terms of the order, the bail should be discharged. A warrant to arrest a party need not, necessarily, set out the offence although it is usually recited and made a part of it. The mittimus which authorizes the detention of the prisoner, after his arrest, should set forth the crime with convenient certainty; yet if he pray his discharge from custody on a habeas corpus the Court would look into the order, directing his arrest, to ascertain the charge.— (17 Wend. 252.)
A variance between the warrant and recognizance of bail, where the condition is, that the party shall appear and answer to an indictable offence, will not save a forfeiture, on breach of the condition; nor will the bail be discharged if his principal be required to appear and answer in the alternative, to a charge of fraud or forgery. The latter is indictable and is specified and embraced in the condition of the recognizance which is matter of record, and, when acknowledged, the presumption is that the charge has been properly preferred and the arrest legal. The defendants are not required to shew cause against *21 the estreating of an obligation which enforces their appearance to answer to a charge of fraud, but to one of forgery.
That the defendant, Rowe, was obliged under the condition to appear on the'first day of the term, which was a day past, is not cause to prevent an estreat as against his bail. The term is but a day, and, under a bench warrant issued in term time, the recognizance may be returnable to a day of the term. If taken for the appearance of a party upon a day on which the Court is not in session it would be void, because he could not be called nor could his failure to appear be ascertained and the breach of his bond judicially established.
The 4th ground of appeal submits, that until the conviction of the principal the bond is not forfeited. Neither the acquittal nor condemnation of the principal necessarily releases the bail. His responsibility terminates on the appearance of his principal. When acquitted, the bail is discharged because the defendant is no longer required to be present and answer. (1 Wil. 315.)
In misdemeanors, the defendant’s obligation compels his appearance on the first day of the term and de die in diem until he has been discharged or until he has pleaded. After he has pleaded, he appears by his Attorney and his recognizance will not be estreated although he should fail to appear at each succeeding term; 'provided, that after conviction, he be present to receive the sentence. But where the charge is felony, the personal appearance of the defendant is required at every term to secure his presence at the trial; and as there has been no trial, in this case, the remaining inquiry is, whether forgery is a felony ?
It is conceded, that at common law it was only a misdemeanor, and was so held to be in South Carolina until 1801, when it was declared to be a felony without the benefit of Clergy, and punishable with death. (5 Stat. 397.) By Act of Assembly, 1845, (11 Stat. 341,) the punishment of death was abolished, and-in lieu thereof, whipping, imprisonment and a fine, were *22 substituted. Does it follow, that the substitution of a punishment less than death, without a repeal of so much of the Act as declares forgery to be a felony, reduces it to a misdemeanor ? It was not the penal consequences of forfeiture alone which gave character to felonies at common law, nor did capital punishment enter into the true definition of them. They wore one of three classes into which offences were divided : treasons, felonies, and misdemeanors. Besides those embraced in the common law classification, there are others made so expressly ■by statute, or those to which the judgment of life or member is awarded as a penalty. (Hale’s P. C. 703.)
If the Act of 1801 had punished forgery with death without declaring it to be a felony, then the substitution of whipping, imprisonment and fine by the Act of 1815, would have left it as at common law; but as it was also made a felony expressly by the former Act, which has not been repealed, it seems to have been the purpose of the General Assembly to change the penalty and not the nature of the offence. The convict is still a felon, but may claim the benefit of the Act imposing whipping, imprisonment and fine, and which makes it a clergyable felony.
Two English Statutes, which punish the receivers of stolen goods, have received a construction sustaining these views :— The 5 Ann. c. 31, s. 5, enacts “ that if any person or persons shall receive or buy any goods or chattels that shall be feloniously taken or stolen from any other person, knowing the same to be stolen, &e., he or they shall be taken as accessory or accessories to the said felony, and being legally convicted, &c., shall suffer death as a felon convict.” By statute of 4 George 1, Ch. 2, “ Persons convicted of receiving or buying stolen goods, knowing them to be stolen, may be transported for fourteen years.” It was held that after conviction, the prisoner must claim the benefit of the latter Statute, which ousts the judgment of death. (East, P. C. 744.)
The offence which Austin Rowe was bound to answer being a felony, the Court is of opinion, that a forfeiture of his re *23 cognizance has be,en legally incurred, and that the order directing it to be estreated, is proper.
Motion dismissed.
O’Neall, WxthbRS and Munro, JJ., concurred.