10   393
f124  292

## The State *v.* Thomas B. Cunningham—Bernard McGoey, Surety, Appellant.

An accused, when admitted to bail, is in legal contemplation delivered over to the custody of his surety. The surety becomes his jailor, and has a right to take and surrender him in discharge of his liability, at any time before the forfeiture of the bond.

The better opinion is, that a warrant is unnecessary to protect the bail in arresting his principal. At common law, the bail may command the assistance of the Sheriff and his officers.

It is unnecessary that the description of an indictable offence charged in a bail bond, should be as accurate and as technical as in an indictment.

It does not affect the validity of a bail bond, that an indictment was actually found against the accused for an offence of a higher grade, but which included the offence described in the bond.

APPEAL from the First District Court of New Orleans, *Robertson*, J.

*I. E. Morse*, Attorney General, for the State. *Dunlap*, for appellant.

SPOFFORD, J. We think the Judge did not err in refusing to discharge the surety on the appearance bond.

The accused was, in legal contemplation, delivered over to the custody of his surety. The surety became his jailor. He had a right to take and surrender him in discharge of his liability at any time before the forfeiture of the bond, and he is responsible for not having done so.

It does not appear that he was unable to procure a warrant from the court in season, had such an authority been necessary.

But the better opinion is, that a warrant was unnecessary to protect the bail in arresting his principal. Petersdorff on Bail, 405, 514. 6 Mod. 231. 1 Atkins, 227, *Ex parte Gibbons.* 1 Chitty's Crim. Law, 104. *Commonwealth* v. *Brichett*, 8 Pick. 140. *Nicholls* v. *Ingersoll*, 7 Johns. 145. In the latter case, the court said, that the power of bail to arrest and render the principal, does not depend upon any process, but results from the nature of the undertaking of bail.

At common law, the bail may command the assistance of the Sheriff and his officers.

In the present case, it is shown that police officers might have been had to accompany the surety, if he had chosen to arrest his principal.

The bond is not void. It charges (though with some surplusage,) an indictable offence against the laws. It is unnecessary that the description in a bail bond should be as accurate and technical as in an indictment. *The State* v. *Weaver*, 18 Ala. 293. *The People* v. *Blankman*, 17 Wendell, 252.

It is not material that an indictment was actually found against the accused for an offence of a higher grade, but which included the offence described in the bond. The condition of the bond, that he should appear before the First

STATE
v.
CUNNINGHAM.

District Court, to answer the complaint brought against him, and not depart thence without leave of the court, was broken by his default. *The State* v. *Ridding*, 8 An. 79.

Judgment affirmed, with costs.