The opinion of the court was delivered by
Manning, C. J.
George Tennant, George Brown, and seven others-were indicted for murder, notwithstanding which, it appears that the two above named were bailed. The bail bond was forfeited, and the three-securities have appealed by petition from the judgment of forfeiture.
The citation of appeal was directed to the district attorney, and served upon a person residing at his domicil, he being absent, and he insists that in that case, the service should have been on the district-attorney pro tern. He moves to dismiss on that ground.
It has been held that the attorney for the State, who has obtained the judgment appealed from, is the officer upon whom the citation of' appeal should be served. State v. Placenzia, 6 Rob. 441. If he be out of office, the service should be upon his successor, but if still in office, and absent, as was the case here, the service should be at his usual residence in the manner required by law for such service. The fact that another officer performs temporarily his active functions, during his-absence, will not justify us, in the absence of any legislation on the subject, in requiring that service of a citation of appeal should be served vicariously on such other officer.
Another ground for the motion to dismiss is, that two of the securities, appellants, injoined the enforcement of the judgment on the same-grounds upon which this appeal is based, and appealed from the judgment dissolving their injunction, and then abandoned their appeal. If there were any evidence of this, the action of two of the appellants could not prejudice the rights of the third security, but there is nothing whatever in the record to shew any injunction by any person, much less to shew for what causes an injunction was sued out, or that it was abandoned.
The motion to dismiss is denied.
*853 It is objected that the offence mentioned in the bond, ‘ shooting with Intent to kill ’, is not the offence of which the parties were indicted, which was murder. The obligation of the bail bond is, that the prisoners shall appear and remain until discharged in due course of law, and •their sureties are bound, though the indictment be for a different offence from that for which they were committed. State v. Ridding, 8 Annual, 79. The validity of a bail bond is not affected by the indictment being found for an offence of higher grade than that expressed in the bond, and which higher crime includes the lower. State v. Cunningham, 10 Annual, 393. Even if this latter quality be wanting, where the accused is bound not only to appear at court to answer a specific charge, but also not to depart thence without leave of the court first had and obtained, the bond, if violated, can be forfeited, and the securities held to its payment. State v. Cole, 12 Annual, 471.
It is also objected that the offence, described in the bond; is technically not a crime.
There is not required in a bail bond the same accurate verbal statement of an offence that is required in an indictment. People v. Blankman, 17 Wend. 252. It is sufficient, if in the bail bond it be substantially, though not technically'set forth. The reasons that impel courts 'to require strict conformity to statutory or general rules for the structure of indictments, and for the description of crimes therein, do not apply to bonds, executed to enable accused persons to liberate themselves from imprisonment.
Judgment affirmed.