UNITED STATES (DE FITCH v.). See Case No. 3,741.

## Case No. 14,935a.

UNITED STATES v. DE GRIEFF.

[10 Reporter, 258.] [1]

Circuit Court, S. D. New York. July 29, 1880.

CRIMINAL PROCEDURE—RECOGNIZANCE—RECITING OFFENCE.

Where defendants are arrested and held to bail before a commissioner to appear in a federal court, it is not necessary that the recognizance shall show upon its face that the offence is one embraced within a statute of the United States.

Defendants [Anthony De Grieff and others] were indicted for unlawfully conspiring together to commit an offence against the United States, which is specified in section 5443 of the Revised Statutes. [A motion made to quash the indictment was denied. Case No. 14,936.] They did not appear, and their bail was forfeited.

C. P. L. Butler, Jr., Asst. U. S. Dist. Atty.

Robert S. Green and Benjamin B. Foster, for defendants.

SHIPMAN, District Judge. This is an action at law upon a recognizance. The defendants having been arrested, the recognizance was taken before a United States commissioner for their appearance in court. The defendants insist that the recognizance is invalid; their position is that the commissioner has no power to commit or hold to bail except for offences against the United States; that the recognizance must show upon its face that the officer had jurisdiction; that the act

[1][Reprinted by permission.]

which is stated in the recognizance is not an offence by any act of congress, and therefore the recognizance is void. The defendants contend that the recognizance must necessarily describe the particular offence which is charged in the indictment. I do not decide this part of the proposition, but I do not by any means concede its truth. U. S. v. George, [Case No. 15,199]; People v. Kane, 4 Denio, 530. The proposition also asserts that the particular offence must be so described that it shall appear upon the face of the recognizance to be an offence which is embraced within a statute of the United States, and that a partial or imperfect description cannot be supplemented by reference in the recognizance to the indictment where the offence is correctly described. In this part of the proposition I do not concur. The general principle in respect to the manner in which offences should be described in recognizances is laid down by Chief Justice Nelson, in People v. Blankman, 17 Wend. 252, as follows: "It is not necessary to set forth the offence in the warrant, mittimus, or recognizance with all the particularity or detail required in an indictment." 1 Chit. Cr. Law, 33. The decision in U. S. v. Hand [Case No. 15,296]. which is relied upon by the defendants, is not in point. Judgment for the plaintiff.