## THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-ENT, v. FREDERICK R. GILLMAN, APPELLANT.

*Bail bond, not naming the offense — not enforceable.*

A bail bond which does not indicate the offense with which the principal is charged, and for which the bail undertakes that he will appear and answer, is void; nor can such defect be supplied, by proof *aliunde* the bond, in an action not to reform, but to enforce, the undertaking of the surety after its alleged breach.

Where the surety does not undertake that the principal will appear to answer any particular charge, there can be no breach of the bond.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of Dutchess on the 21st day of May, 1890, in favor of the plaintiff, after a trial before the court without a jury at the Dutchess County Special Term.

The action was brought to recover upon a recognizance or undertaking of bail, signed by the defendant Frederick R. Gillman, together with Frank Cava, which was as follows: "An order having been made on the 26th day of November, 1889, by Hon. DANIEL W. GUERNSEY, Dutchess County Judge, that Frank Cava be held to answer upon a charge of ........, upon which he had been duly admitted to bail in the sum of $1,000, we, Frank Cava, defendant, of New Hamburg, Dutchess county, N. Y., and Frederick Gillman, of the City of Poughkeepsie, surety, hereby undertake that the above-named Frank Cava shall appear and answer the charge above mentioned, in whatever court it may be prosecuted," etc.

*Herman Frank*, for the appellant.

*Martin Heermance*, district attorney, for the respondent.

PRATT, J.:

We think the bail bond in question in this action is void as it does not specify any charge which the principal is to answer. The authorities are uniform upon this subject. Although it is not necessary to state the charge with great particularity, it must indicate the offense with which the principal is charged and for which the bail undertakes he will appear and answer. (*People* v. *Rundle*, 6 Hill, 506; *People* v. *Blankman*, 17 Wend., 252; *People* v. *Graham*, 1 Parker, 141.)

No charge having been stated in the bond we think it was error to allow the defect to be supplied by further proof. Such testimony may be given to explain contracts, but not to vary or add to them. This is not an action to reform but to enforce the undertaking of the surety after its alleged breach, and the court is simply called upon to determine what, if any, liability exists. As the surety did not undertake that his principal would appear to answer any charge there has been no breach.

The judgment must, therefore, be reversed.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment reversed, with costs.