(60 Misc. Rep. 520.)

## In re LEANO.

(Court of General Sessions, New York County. September, 1908.)

1. BAIL (§ 79*)—CRIMINAL PROSECUTIONS—RELIEF FROM FORFEITURE.
　　An application pursuant to Code Cr. Proc. §§ 597, 598, for the remission of the forfeiture of a deposit of money made instead of bail under section 586, is addressed to the discretion of the court.
　　[Ed. Note.—For other cases, see Bail, Cent. Dig. § 359; Dec. Dig. § 79.*]

2. BAIL (§ 79*)—CRIMINAL PROSECUTIONS—RELIEF FROM FORFEITURE.
　　There is no statutory requirement that the district attorney notify a defendant who has made a deposit instead of bail of the day upon which he proposes to move the case for trial, so as to entitle defendant, for failure to give him notice, to a remission of a forfeiture of such deposit, but it is the defendant's duty to attend on each trial day of the term.
　　[Ed. Note.—For other cases, see Bail, Dec. Dig. § 79.*]

3. BAIL (§ 79*)—CRIMINAL PROSECUTIONS—RELIEF FROM FORFEITURE.
　　A remission of the forfeiture of a deposit of money made instead of bail is not sustainable on the ground that the people have lost no rights where, owing to defendant's failure to appear, the complaining witness and another witness were discharged from the House of Detention, and because thereof their attendance as witnesses could not be procured at the time defendant was rearrested.
　　[Ed. Note.—For other cases, see Bail, Dec. Dig. § 79.*]

Application by Michael Leano, under Code Cr. Proc. §§ 597, 598, for the remission of the forfeiture of a deposit of money made instead of bail under section 586. Application denied.

Joseph Pascocello, for the motion.
William Travers Jerome, Dist. Atty. (E. Crosby Kindleberger, of counsel), opposed.

CRAIN, J. This is an application under sections 597 and 598 of the Code of Criminal Procedure for the remission of the forfeiture of a deposit of money made herein instead of bail, under section 586 of said Code.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The application is addressed to the discretion of the court. It appears from the indictment and motion papers that on the 4th day of December, 1902, the defendant was indicted by the grand jury of New York county, charged with the crime of grand larceny in the second degree; that on that day said indictment was filed in this court; that on the 5th day of December, 1902, the defendant was committed and bail fixed at $1,000; that thereafter, and on December 8, 1902, the defendant appeared in Part I of this court for pleading, and pleaded not guilty; that thereafter, and on December 10, 1902, the case against the defendant appeared on the calendar in said part of the court for trial, and that, at such time, the trial of the same was duly adjourned to December 15, 1902; that on or about December 11, 1902, the defendant deposited with the city chamberlain $1,000 as a cash deposit instead of bail, and was thereupon discharged from custody; that the defendant, at the time of pleading and thereafter, was represented by an attorney at law; that on December 15, 1902, when the defendant's case pursuant to such adjournment came on for trial, he did not appear, and, upon motion of the assistant district attorney on that day, the defendant's deposit was forfeited; and that thereafter such money in due course became part of the city funds. On June 22, 1908, the defendant was again arrested and committed, and bail fixed at $1,000. On June 24, 1908, on motion of the district attorney, the defendant was discharged on his own recognizance. The defendant, in an affidavit verified July 3, 1908, says, that in 1902, at all the times mentioned, he resided at 42 Oak street, New York county. He repeats many times, and in a number of different connections, this same number, 42 Oak street. In a supplemental affidavit, verified August 19, 1908, the defendant says, in substance, that in the first-mentioned affidavit he made a mistake when he swore that during the times mentioned he resided at 42 Oak street, and that in fact during such times he resided, not at 42 Oak street, but at 50 Oak street. In the supplemental affidavit he seeks to explain how the mistake in the original affidavit arose. He does not ascribe it to any clerical error, and the explanation made in the supplemental affidavit is unsatisfactory. Such affidavit, if believed, affirmatively establishes that the original affidavit was sworn to in disregard of the affiant's obligation not to swear as a matter of positive knowledge to anything respecting which he had no present personal recollection.

His first alleged reason for seeking to be relieved of the forfeiture is that he did not receive at either the address mentioned in the original affidavit or at the address mentioned in the supplemental affidavit any notice of the day of trial. It is significant that no affidavit by the defendant's former attorney is presented. There is, therefore, nothing to show that the person into whose hands the defendant had committed his interests, so far as his defense was concerned, was not aware of the time set for the defendant's trial. Nothing appears in the motion papers to indicate that the defendant made any inquiry of either the district attorney or the clerk of the court as to the time when his case would be tried, or that he personally attended at any time after December 10th in the part of the court in which it had been moved for trial. In the month of December, 1902, calendars containing a

complete list of cases proposed to be moved by the district attorney for trial were regularly printed in the New York Law Journal, a daily paper designated pursuant to law for the publication of judicial proceedings and legal notices in New York city and county. The case of the people against the defendant appeared on the morning of December 15, 1902, in such paper, among the cases included in the district attorney's proposed trial docket for that day in Part I of this court. The statutory provisions relating to the defendant's trial entitled him to a speedy and public trial (Code Cr. Proc. § 8)—to at least two days' time, after his plea, to prepare for trial, if he required it (Code Cr. Proc. § 357)—and forbade his trial in his absence. Code Cr. Proc. § 356. These provisions appear to have been complied with in this case. There is no statutory provision requiring the district attorney to notify a defendant who has made a deposit instead of bail of the day in the term in which the deposit is made upon which he proposes to move the case for trial, and it was the defendant's duty to appear and attend on each trial day of that term during its continuance, unless discharged by the court, and so appearing and attending to be ready to answer upon any day of such term. People v. Blankman, 17 Wend. 252–256. There being no obligation on the part of the district attorney to give the defendant notice of the particular day during the December term of 1902 at which he proposed to move the case of the people against the defendant, the absence of such a notice, if none were given, presents no excuse for the defendant's nonappearance and nonattendance.

The second alleged reason urged for remitting the forfeiture is the assertion that the people have lost no rights. This contention is based on the claim that the defendant was finally discharged on his own recognizance on the recommendation of the district attorney, which recommendation is alleged to have been made on the ground that a conviction could not have been had thereunder, upon the authority of the case of McCord v. People, 46 N. Y. 470, an authority claimed to have been controlling at the time that the indictment was found. That case held that the design of the statute against obtaining money, etc., under false pretenses was to protect those who for any honest purpose are induced by false and fraudulent representations to give credit or part with their property, and not to protect those who do this for an unworthy or illegal purpose. In the case at bar it appears that the defendant worked a confidence game upon the complainant, the basis of which was making the complainant believe that he, the defendant, had stolen $25,000, and that the complainant would share the stolen money. The indictment was found long before the recent amendment to the Penal Code, adopted to obviate the effect of the ruling in the McCord Case, and the district attorney was unquestionably right in thinking that under the authority of McCord v. People, supra, the defendant could not be rightfully convicted. It appears, however, that this was only one of the reasons why the district attorney recommended the discharge of the defendant on his own recognizance. The other reason was that the complaining witness, who had been confined in the House of Detention, had been discharged from it, that such com-

plaining witness was a nonresident of the state, and that at the time when the district attorney made the recommendation in question the people had no trace of his then present address. This discharge of the complaining witness from the House of Detention, which in turn resulted in the inability of the people to procure his attendance as a witness, came about through the failure of the defendant to appear or attend for trial. Another witness for the people, who was also a nonresident of the state and committed to the House of Detention, was likewise discharged upon the defendant's default in appearing and because of such default. A police officer was the only witness whose name is indorsed upon the indictment. It does not appear that any motion was made to dismiss the indictment on the ground that it was not warranted by the evidence presented to the grand jury. The presumption is that it was founded upon sufficient evidence. Being found, the people had a right to have it disposed of according to the recognized methods of criminal procedure, which included the right, in the absence of any other disposition, to have the issue presented by the defendant's plea of not guilty tried by a trial jury.

No application has been made for a certificate that the people have lost no rights by reason of the forfeiture, and no such certificate has been given. The enforcement of the right to a trial by a trial jury under conditions making it other than an idle ceremony was frustrated by the defendant's conduct. In the light of this fact, it can hardly be said that the people lost no rights. It certainly cannot be said that after the defendant's rearrest in June, 1908, the people were in as good a position to prosecute the defendant as when the defendant's default on December 15, 1902, occurred.

In view of the inadequacy of the excuse presented for the defendant's nonappearance on December 15, 1902, the facts upon which he was discharged on his own recognizance and his laches in making this motion, and on the reasoning contained in the opinion in Matter of Sayles, 84 App. Div. 210, 82 N. Y. Supp. 671, this application is denied.

Application denied.