*Morrison*, for the appellee.

---

## M'CARTY *v.* THE STATE.

A recognizance showed that it had been entered into before an associate judge of the county, but did not state him to be a judge of the Circuit Court: *Held,* that this was no objection to its validity.

A recognizance to answer a criminal charge, need not show that the complaint had been made under oath.

The condition of a recognizance stated, that the obligation was to be void if default should be made in the condition; but it also stated that if the recognizor should appear, &c. the recognizance was to be void, otherwise in force: *Held,* that the words "to be void if default should be made in the condition," did not affect the validity of the recognizance; they being repugnant to the object of the obligation, and to the other parts of the condition.

ERROR to the *Fayette* Circuit Court.

HOLMAN, J.—A recognizance was entered into by *P. M'Car-*
*ty* and *W. M'Carty*, before *William Helm*, one of the associate
judges of the county of *Fayette;* the defeasance of which is in
these words: "Yet to be void if default be made in this condi-
tion, to wit, that should the said *P. M'Carty* be and appear in
his proper person, before the judges of the *Fayette* Circuit Court,
on the first day of the next term thereof to be holden at *Conners-*
*ville* on the second *Monday* in *March* next, and then and there
answer unto the state of *Indiana* to a charge of larceny said to
have been committed by him in the county aforesaid; and not
depart said Court, but continue from day to day until discharg-
ed by the said Court; then this recognizance to be void, else
to remain in full force." *P. M'Carty* failed to appear, and the
recognizance was forfeited. An agreed case was made between
*W. M'Carty* and the attorney for the state, waiving a scire fa-
cias and resting the case on the validity of the recognizance.
The Circuit Court adjudged the recognizance to be good, and
awarded execution against *W. M'Carty.*

Three objections are raised against the recognizance. The
first is, that it was not taken by a proper officer. An associate
judge may take a recognizance, but he is generally described
as being of the Circuit Court, and not of the county as in this
recognizance. But as each county has a Circuit Court and two
associate judges, there can be no possible ground on which to
mistake who the officer is that is styled—an associate judge of the
county of *Fayette.* The second objection is, that it does not appear
that this charge of larceny was made upon oath. We should
not expect this to appear in the recognizance. The recogni-
zance when filed is a record, and presumes that the charge was
regularly made before it was acknowledged. It stands on its
own terms, independent of any previous proceedings. See *A-*
*dair* v. *The State, Nov.* term, 1822 (1). We cannot therefore
sustain this objection. It is objected, thirdly, that the recogni-
zance is defeated by its own defeasance. There is some plau-
sibility in this objection; but when we read the defeasance with
a reference to the known intent of the whole instrument, this
plausibility diminishes. There is nothing in the nature of this
recognizance, that entitles it to a construction different from
other penal obligations; and the rule of construction that ap-
plies generally to such obligations, is, if possible, to make them

HARVARD LAW SCHOOL LIBRARY

answer the purposes for which they were intended. Where they have words that are absurd and repugnant to the design of the instrument, they are to be rejected as void.    2 Saund. 79. The expression in this recognizance—that it was to be void if default were made in the condition—is an absurdity, and is not only contrary to the design of the recognizance, but is also repugnant to the concluding defeasance, which is, that if the condition is performed then the recognizance to be void, else to remain in full force.    The whole phraseology of the recognizance cannot stand together: a part must be rejected as nugatory; and it is certainly consistent with every principle of law, to reject that part which has a tendency to destroy the instrument.    The principle upon which this question rests, has been decided in the case of *Conner* v. *Paxson*, *Nov.* term, 1822 (2). And we feel no hesitation in retaining the principle; and rejecting the words that would render this recognizance void, if default be made in the condition.

*Per Curiam.*—The judgment is affirmed with costs.

*Rariden*, for the plaintiff.

*Smith*, for the state.

(1) Ante, p. 200.

(2) Ante, p. 207.