By the Court,

Beardsley, J.
The case of The People v. Koeber, (ante p. 39,) controls this case. There the recognizance was taken before a special justice of the city of New-York; and here before the recorder of that city. Each of these officers has, in this respect, the same power, and either may take bail for any crime “ not punishable with death, or imprisonment in the state prison for life.” (2 R. S. 706, § 1; id. 710, § 29, sub. 2; id. 216, §§ 27, 29 ; id. 208, § 5, sub. 2.)
'In The People v. Koeber, the charge was burglary, and as the grade of the offence was not stated, it did not appear to be one in respect to which the special justice was authorized to act. The present case is different. The recorder may bail in *45 every case of larceny, although a special justice cannot in every case of burglary.
The offence is here described in the most general terms, without stating where, when or how it was committed. But it may be that the recognizance cannot be avoided on this ground.
There is another objection, however, which is fatal. It does not appear that the recorder decided to commit the accused, or required bail to be given. The only statement of the gromid on which the recognizance was taken is, that the party was charged with the offence. There is nothing to show that the recorder gave the least credit to the charge, or held that there was any reason to believe the accused guilty. For aught that appears, it was a naked charge, unsupported even by an oath.(a) Bail is given to save a party from imprisonment ; and unless the magistrate holds the case to be one in which it is proper to commit, there is no authority to take bail. This does not appear to have been such a case, and the defendant is entitled to judgment.
Ordered accordingly.

 See M’Carty v. The State, (1 Blackf. Rep. 338.)