## Case No. 14,949.
### UNITED STATES v. DENNIS.
#### [1 Bond, 103.] [1]

Circuit Court, S. D. Ohio.  Oct. Term, 1850.

RECOGNIZANCE—CERTAINTY—ACTION UPON—
UNITED STATES MAIL.

1. A recognizance is sufficiently certain if it sets out an act punishable by the statute without any of the particulars.

2. Where an action of debt was brought on a recognizance, the condition of which was, that the defendant should appear "to answer to the charge of stealing from the mail of the United States, contrary to the statute of the United States, in such case made and provided:" *Held*, that the felonious or criminal character of the act was charged with sufficient certainty.

3. The mail of the United States embraces everything which may by law be transported or conveyed by post.

[This was an action by the United States against John J. Dennis.]

John O'Neill, U. S. Dist. Atty.
Lee & Fisher, for defendant.

LEAVITT, District Judge.  This is an action of debt on the recognizance of the defendant as bail for the appearance of Henry Fulkerth, who has been charged, before a commissioner of this court, with a violation of the mail of the United States, the said Fulkerth being a postmaster.  The commissioner required the accused to give bail, and, in default thereof, he was committed to jail.  He subsequently appeared before the district judge, and, on his application, was admitted to bail and discharged from custody.  The defendant entered into a recognizance for the appearance of the accused person at the October term of this court.  It is averred in the declaration that he failed to appear, and that the defendant was called and duly defaulted.  A general demurrer has been filed to the declaration, and the exception relied on is, that the recognizance does not define or state any crime made punishable by an act of congress and of which this court has jurisdiction.  The condition of the recognizance is, that the accused person shall appear at the then next term of the circuit court of the United States "to answer to the charge of stealing from the mail of the United States, contrary to the statute of the United States, in such case made and provided, and also such other charge or charges as may be exhibited against him."  It is insisted that the allegations of "stealing from the mail of the United States, contrary to the statute," etc., are vague and indefinite, and do not import any specific crime for which the accused is to answer.  The same certainty is not required in a recognizance that is required in an indictment; it is sufficient if it sets out an act punishable by the statute, without any of the particulars.  It is very clear that a charge of stealing from the mail of the United States imports a crime without any statement of what was stolen.  The mail of the United States embraces everything which may by law be transported or conveyed by post, and every unlawful taking from the mail of anything which constitutes a part of it is a crime.  There is, therefore, no ground for a presumption that stealing anything, whether a mere letter or a letter containing money, or any paper or any other thing designated in the statute, can be an innocent act; it necessarily imports a crime.  But when, as in this recognizance, it is added that such stealing was "contrary to the statute of the United States in such case made and provided," the felonious or criminal character of the act is charged with sufficient certainty.  A case decided in Kentucky, reported in 3 J. J. Marsh. 641, has been cited by the defendant's counsel, where a recognizance for "gaming" was held bad by the court for uncertainty.  That decision was right for the reason that gaming, as a general term, did not necessarily import a crime.  It was only a crime when committed under the circumstances stated in the statute; under other circumstances it was perfectly innocent.  It was necessary, therefore, to set out the game and the circumstances.  If the charge had been "gaming contrary to the statutes of the state of Kentucky," it would have been good.  But as before stated, no state of facts can be conceived of, in which stealing from the mail of the United States can be an innocent act —it implies a crime.

The demurrer will therefore be overruled.