THE STATE *v.* HAMER and Another.

It is not requisite that all the facts necessary to be stated in an indictment should be set forth in the condition of the recognizance. It is sufficient to state the name of the offence of which the party recognized is charged.

ERROR to the *Tippecanoe* Circuit Court.

SMITH, J.—*Scire facias* by the state against the defendants in error upon a forfeited recognizance. The *scire facias* states that the condition of the recognizance was that, " if the said *Hamer* should personally appear before the said *Dame* (a justice of the peace) at," &c., " to answer a complaint against him, the said *August Hamer*, for designedly obtaining a bay horse from one *Edward Cooper* by falsely pretending and representing a roan mare and colt to be his, the said *August Hamer's* property, with intent to cheat and defraud him, the said *Edward Cooper*, out of said bay horse; thereby meaning that the said *August Hamer* should then and there appear to answer a charge preferred against him, before said justice, for obtaining a bay horse from one *Edward Cooper*, by false pretences, to-wit, at the county," &c.

The defendants appeared and demurred to the *scire facias*, assigning for cause that it does not describe any criminal offence for which the said *Hamer* had been arrested, or for which the said justice had, by law, jurisdiction to take a recognizance.

The demurrer was sustained, and the state brings the case up on error.

It is not requisite that all the facts necessary to be stated in an indictment, should be set forth in the condition of a recognizance. It is sufficient to state the name of the offence of which the party recognized is accused. See forms for the use of justices of the peace in criminal cases, R. S. 1011. It is admitted that if the condition of this recognizance had been, that the said *Hamer* should appear and answer a charge preferred against him for obtaining goods by false pretences, it would not have

been objectionable. We think it is, substantially, such a condition, though it is worded in a confused and unskilful manner. The offence described in it is the obtaining of a horse from one *Cooper* by false pretences, namely, by falsely representing a certain mare and colt to be *Hamer's* property. It is contended that this statement of the pretence limits the general charge, and shows that the pretence was a mere falsehood which ought not to have influenced a person of reasonable prudence to part with his property. It is true this statement does not show that the pretence was used to induce *Cooper* to accept the mare and colt in exchange for, or in payment for the horse, but neither does it imply that the pretence was not used for some such purpose. In an indictment, or upon the trial, the purpose for which the pretence was used should, perhaps, be shown, in order to enable the Court or jury to determine whether the facts charged or proved amounted to the statutory offence, but, in a recognizance in which it is only necessary to state the name of the offence in general terms, this degree of particularity is not requisite.

*Per Curiam.*—The judgment is reversed.

*W. F. Lane,* for the state.

*G. S. Orth* and *E. H. Brackett,* for the defendants.