Besimer et al. *v.* The People.

CHARLES BESIMER et al., Plaintiffs in Error, *v.* THE PEOPLE, Defendants in Error.

ERROR TO BUREAU.

A certain kind of adulterous intercourse being punishable by indictment, and a recognizance requiring the principal to appear and answer an indictment for adultery, it will be presumed that he was charged with the statutory offence which is punishable in this manner.

Besimer et al. *v.* The People.

Cognizors, unless personally served, cannot be condemned unless there have been returns of *nihil* upon two writs of *scire facias.*

THIS cause was heard before LELAND, Judge, at March term, 1853, of the Bureau Circuit Court, who rendered a judgment against the plaintiffs in error on a *scire facias* on a recognizance, executed by Charles Besimer, as principal, and Albert Sherwin as security; conditioned for the appearance of the said Besimer at the October term, 1853, of said court, to answer a bill of indictment for the crime of adultery. The recognizance was taken by the sheriff, the defendant not appearing, judgment was entered against him and his security, and an order for a *scire facias.* A *scire facias* was issued and a return made upon it of, not found. A second *scire facias* was issued, to which a like return was made, upon which judgment followed.

The last *scire facias* issued was not under seal.

MILTON L. PETERS, for plaintiffs in error.

W. H. L. WALLACE, for the people.

TREAT, C. J. The recognizance recites that Besimer was arrested under process founded upon an indictment for adultery; and it is conditioned for his appearance to answer the charge. It is insisted that adultery is not a criminal offence; and, therefore, that the recognizance is invalid, and insufficient to support the proceedings. It is true that every act of adultery is not an indictable offence. But under our statute, a party may be indicted for adultery. Persons dwelling together in an open state of adultery are punishable by indictment. The general statement in the recognizance must be understood as referring to an indictment for this offence. A certain kind of adulterous intercourse being punishable by indictment, and the recognizance requiring the principal to appear and answer an indictment for adultery, it must be intended that he was charged with the statutory offence. It is entirely consistent with the recital in the recognizance, that the indictment was found under the 123d section of the criminal code. And the presumption clearly is, that such was the character of the offence charged against Besimer.

But there is a fatal objection to the proceedings. The cognizors were not personally served with process, nor did they enter their appearance. To sustain the judgment against them, there must have been returns of *nihil* upon two writs of *scire*

*facias.* Sans v. The People, 3 Gilman, 327. It appears that two writs of *scire facias* were issued, and that both were returned *non est inventus.* But the second writ was not under the seal of the court. It was therefore void, and the return ineffectual. The case stands precisely as if this writ had not been issued. Garland v. Britton, 12 Illinois, 232. Another *scire facias* must be issued and returned, before the people will be entitled to execution for the amount of the forfeited recognizance.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*