OF THE STATE OF ARKANSAS. 371

TERM, 1856.]                    The State vs. Williams et al.

## THE STATE VS. WILLIAMS ET AL.

Where the defendant interposes a demurrer, which was argued and submitted, and the record then states, "that the parties came by their attorneys, and the plaintiff saying nothing further in reply to the defendant's demurrer, the court doth render judgment against said plaintiff," and then follows a final judgment in the cause, this court will hold, that the demurrer was disposed of before final judgment was rendered.

Where one of several defendants interpose a demurrer, going to the right of the plaintiff to recover and not to the personal discharge of the party pleading, and it is adjudged in his favor, it enures to the benefit of his co-defendants.

The provision of the statute, that the recognizance of bail, for the appearance of a party, to answer for a criminal offence, shall name the nature of the offence charged, is sufficiently complied with, by stating that he shall appear and answer the "State upon a charge of *killing* one Thomas Wheeler:" which will be construed to mean a *felonious killing*.

It is not necessary that a recognizance of bail should recite all the facts, which prove that the officer, before whom it was acknowledged or executed, had jurisdiction to act in the particular case, if it is conditioned to do some act, for the doing of which, such an obligation may properly be taken.

As to the form of a recognizance and *scire facias* thereon, see *Cannon et al. vs. The State, ante*.

Where the *scire facias* purports to issue upon a recognizance taken before one justice of the peace, and the recognizance given on oyer, appears to have been taken before two justices of the peace, it is a fatal variance—the demurrer presenting the variance being treated as a plea of *nul tiel record*.

*Quere:* Is a demurrer the proper mode of taking advantage of a variance between a recognizance of bail and the *scire facias* thereon?

*Writ of Error to Independence Circuit Court.*

Hon. BEAUFORT H. NEELY, Circuit Judge.

JORDAN, Attorney General, for plaintiffs.

WM. BYERS, contra.

Mr. Justice HANLY delivered the opinion of the Court.

This was a *sci. fa.* on forfeited recognizance, determined at the September term of the Independence Circuit Court.

On the 18th day of September, 1854, a judgment of forfeiture was entered; and on the 1st of November, thereafter, a writ of *sci. fa.* issued, which was returned, executed on *Byers* and *Rattan*, and *non est* as to *Williams*.

At the September term, 1855, Byers appeared, and craved oyer of the recognizance mentioned in the *sci. fa.*, which was granted, by filing the original recognizance, which is as follows:

STATE OF ARKANSAS, }
COUNTY OF INDEPENDENCE. }

We, Norman W. Williams, as principal, and William Byers and John Y. Rattan, as securities, do hereby acknowledge ourselves to owe and be indebted to the State of Arkansas, in the sum of two thousand dollars, to be made and levied of our respective goods and chattels, lands and tenements, and to the use of the said State rendered; but to be void upon condition, that the said Norman W. Williams, shall well and truly make his personal appearance, before the Judge of the Circuit Court of Independence county, in said State, at the court house thereof, on the first day of the next term of said court, then and there to answer unto said State, upon a charge of killing one Thomas Wheeler, late of the county of Independence, and State of Arkansas, and not depart from said court, without leave thereof, else to remain in full force and virtue.

Given under our hands and seals, at said county, this 11th day of July, 1854.

NORMAN W. WILLIAMS, [SEAL.]

WM. BYERS, [SEAL.]

JOHN Y. RATTAN, [LEAL.]

The above and foregoing recognizance was taken, acknow-

ledged, and signed, sealed and entered into before me, on the day of the date thereof.

JESSE SEARCY, *J. P.*

JOHN L. FRALEY, *J. P.*

The writ of *sci. fa.* substantially describes this recognizance, except that it alleges that it was before Jesse Searcy, a justice of the peace, &c., (alone) that the defendants entered into it; and that Williams should appear on the first Monday in September, A. D. 1854, to answer, &c.

Byers demurred to the recognizance and *sci. fa.*, and assigned as cause:

1. That the *sci. fa.* and recognizance are wholly defective and insufficient, in this; that the said recognizance required the said Norman W. Williams to appear and answer said "*State upon a charge of killing one Thomas Wheeler*, late of the *county of Independence, and State of Arkansas*," as appears by said recognizance, and said *sci. fa.;* and, as neither the said recognizance or *sci. fa.* shows that the said Williams was required to answer any criminal charge—nor do they show that the said Williams was under any legal obligation to appear before said Circuit Court, at the time named in said recognizance and *sci. fa.*

2. The recognizance is void upon its face, as it does not appear that it was taken by, or before any officer, authorized by law to take recognizance, or that there was any criminal charge against said Williams, or that such facts existed as to give the persons taking said recognizance authority to take the same.

3. Both said recognizance, and *sci. fa.* are informal, irregular and void.

The State joined in the demurrer, and the same was submitted to the court, and by the court sustained, and the State saying nothing further, final judgment was given for the defendants.

The defendants insist that the demurrer was correctly sustained:

1st. Upon the ground that there was a substantial variance be-

tween the recognizance and the *sci. fa.*, in this; that the recognizance given on oyer, appears to have been taken before Jesse Searcy and John L. Fraley, two justices. The *sci. fa.* purports to issue upon a recognizance taken before *Jesse Searcy, J. P.*

2d. Because it does not appear by said recognizance, or the record, that said Williams was under any legal cause or liability, to enter into recognizance: as that the said Searcy and Fraley, or either of them had any authority to take it.

The State brought error, and assigns as causes, the following:

1. The court erred in rendering judgment against the State without disposing of the demurrer filed by the defendant, Byers, to the *sci. fa.* and recognizance.

2. In rendering judgment in favor of the defendant, Rattan, without any plea or defence interposed by him.

3. The grounds set forth in said demurrer, are insufficient to sustain the same, and it should have been overruled, and judgment given for the plaintiff.

We will consider and dispose of these assignments, in the order in which they are presented.

1. As to this assignment, its determination depends upon the fact, whether its assumption is sustained by the transcript in the cause. By reference to the transcript, we find, under date the 14th September, 1855, the following entry, *to wit:*

"And, now, on this day came the parties, by their attorneys, and the said plaintiff saying nothing further in reply to said defendants demurrer, the court doth render judgment against said plaintiff. It is therefore, considered," &c.

This entry, coupled with the additional fact, that the transcript shows, the demurrer of the defendant, Byers, was filed, argued and submitted, renders it almost conclusively certain to our minds, that the court below did not proceed to render judgment final against the State, until after the demurrer had been disposed of, by being sustained. Indeed, we hold the entry, which we have copied, is a virtual disposition of the demurrer, whilst it also embodies matter and substance which make it a judgment final

against the State. It is true, that it is usual, in such cases, for the record to show more than one entry, as for instance: 1. The submission of the demurrer to the court with or without argument. 2. The disposition of such demurrer by the court, including a judgment of *respondeat ouster*. 3. A final judgment, if the party will not answer over in pursuance of the preceding order. We, therefore, hold that this assignment is not sustained by the transcript in point of law and fact.

2. It is true, that it does not appear from the transcript, that the defendant, *Rattan*, made any appearance to the *sci. fa.* in the court below, and that the court, upon sustaining the demurrer of *Byers* to the *sci. fa.*, for the causes therein set forth, and the refusal of the State to *answer over*, proceeded to, and did render judgment final, in favor of both *Byers* and *Rattan*. This assignment questions the propriety of the judgment of the court below, on this account.

In *Gordon vs. The State, use &c.*, 6 *Eng. Rep.* 12, it was held by this court that, where several are sued upon an obligation, a successful plea by one discharges the other defendants, unless the nature of the plea is of a character going to the personal discharge of the pleader, of which the others could take no advantage, as infancy, bankruptcy, &c. This, we believe, is a universal principle, recognized and acted upon in the administration of the law in all courts, where the practice of the English common law courts is pursued or adhered to.

We, therefore, hold that there is no error in the judgment of the court below, in respect to this assignment.

3. In considering this assignment, we shall have to recur, necessarily, to the demurrer of the defendant, Byers, to the *sci. fa.* in this cause, and in doing so, shall consider the causes set down in such demurrer as they appear.

1. It is insisted by the demurrer, that the *sci. fa.* and recognizance are both defective in this; that the recognizance required Williams, the principal, to appear and answer "the State upon a charge of *killing* one *Thomas Wheeler*," &c., averring

that this statement does not, either in substance or fact, amount to a naming of the "nature of the offence charged" in the purview and meaning of the act in such case made and provided.

In support of this position, we have been referred to several provisions of our statute on the subject, and a number of adjudications of the courts of other States. We will proceed to consider of those citations, as well as those with which we have been furnished by the Attorney General.

*Digest, chap.* 52, *sec.* 57, provides that: "Upon an indictment preferred, or to be preferred, in all criminal and penal prosecutions, recognizances for the appearance of the party charged with an offence, shall be made payable to the State of Arkansas, and may be entered into before the court in which the prosecution is had, or before any judge of any court of record, or justice of the peace, in such sums as may be deemed necessary to secure the appearance of the party, conditioned that he will appear on the first day of the next term of the Circuit Court in which the indictment is preferred, or to be preferred, " naming the county and State, the time and the place of holding the court, and the nature of the offence charged, and that he will not depart therefrom, without leave of the court."

There can be no doubt, from the above provision of our statute, that it is necessary the recognizance should state " *the nature of the offence charged*," and it seems that this is in accordance with the decision in *The State vs. Smith*, 2 *Greenl. Rep.* 62, and the other cases referred to by the appellees on this branch of the subject. But it is insisted, on the part of the appellant, that this has been substantially done in the case under consideration. It is unquestionably true, we think, that all that is required in this respect, to render a recognizance valid, is, that it should state substantially the charge which the principal is required to answer; and such seems to be the doctrine held and maintained in *The People vs. Blankman*, 17 *Wend. Rep.* 255, in which NELSON, Chief Justice, in delivering the opinion of the court, said: "It is not necessary to set forth the charge in the warrant, *mittimus*

or *recognizance*, with all the particularity or detail required in an indictment. * * * * * *  In the mittimus, it is necessary to allege the particular crime, with *convenient certainty*, but considerable latitude is allowed in this respect, &c. * * * * * Greater certainty in the description of the offence should not be required in a *recognizance of bail*, than in a *warrant or mittimus*, &c. * * * · * * The recital is substantially in the words of the statute, and enough appears in connection to imply the *criminal intent*." The recognizance in this instance requires Williams, the principal, to be and appear, &c., "to answer unto said State upon a charge of *killing* one *Thomas Wheeler*," &c. The construction and interpretation which we give to the word "*killing*," used in the recognizance, in the connection in which it is used, is the same as if the recognizance had contained the word "*feloniously*" prefixed immediately before the word "*killing*," so as to have made the phrase in which it occurs, read thus: *That the said Williams be, and appear, &c., to answer unto the said State upon a charge of feloniously killing one Thomas Wheeler*, &c.; for we hold, the word killing, as used in the recognizance, imports a charge of *felonious killing* against Williams; for the law presumes, and holds, that every killing of a human being (which is nothing more nor less than a *homicide*) to be a *felonious killing*, until the contrary appears. See *Foster* 255 ; *Archb. Cr. Pl.* 486 ; *Wharton's Amr. Cr. Law*, 359, 360. It was sufficient, therefore, for the recognizance to recite, as we have held it virtually does in this instance, that the party, *Williams*, should appear to answer to the charge of feloniously killing one *Thomas Wheeler*, without designating whether the felony was *murder*, either in the *first* or *second* degree, or *manslaughter* in one of the several degrees of that species of homicide, as defined by our law; as it seems, from the 40*th section of the* 52*d chapter of the Digest*, it is simply the duty of a justice of the peace to determine, when he is investigating a criminal charge against any one, whether there is probable ground for believing that an offence has been committed by the person charged ; and, if

25c

so, to determine whether it is of such grade as to entitle him to bail under the Constitution and Laws, and to fix the amount thereof. He does not determine, in case of homicide, whether the act amounts to any crime below murder in the first degree, and excusable homicide. The fact of his requiring bail of the party, is evidence that he does not consider the crime murder in the first degree, or excusable homicide. The extent and grade of the offence, in practice, is most usually manifested by the amount of bail which is required of the party. We, therefore, hold that the demurrer should have been overruled upon the first ground.

2. In support of this ground, we have been referred to *The State vs. Smith*, 2 *Greenl. Rep.* 62; *Bridge vs. Ford*, 4 *Mass. Rep.* 641; *State vs. Edwards*, 4 *Humph. Rep.* 226; *Com. vs. Daggett*, 16 *Mass. Rep.* 447; *Goodwin vs. The Governor*, 1 *Stew. & Port.* 465, and *Andres vs. The State*, 3 *Blackf.* 108. We have examined these cases together with the dissentient opinion of BEARDSLEY, Justice, in *The People vs. Kane*, 4 *Denio Rep.* 534, *et seq.*, in which the same grounds are taken, as maintained in the above cited causes, and we are inclined to the opinion, as expressed by the court in *The People vs. Kane*, in which, BRONSON, Chief Justice, ably reviews, and overrules, or repudiates most of the cases cited above, and in the course of which, he said : " But when the recognizance has a condition to do some act, for the doing of which such an obligation may be properly taken, and the officer, before whom it was acknowledged, had authority, by law, to act in cases in that general description, I think the recognizance is valid, although it does not recite the special circumstances under which it was taken." And again in the same case, the learned Chief Justice, said : " Of course, these cases " (referring to most of the cases relied on by the appellee in this case) "prove nothing upon the present question. This recognizance was taken by an officer who could let to bail in all bailable cases. And it was a case where bail might by law be taken. * * * * * As the recognizance must be conditioned to do some act, for the doing

of which an obligation could properly be taken, it will, to that extent, show the cause of its caption. But it need not recite all the facts, which prove that the officer had jurisdiction to act in the particular case." The views of BRONSON, Chief Justice, seem to be more thoroughly sustained by both principle and authority, than those expressed in the cases to which we have been referred by the counsel for the appellees in this cause. We are, therefore, inclined, as we do, to hold with the decision in *The People vs. Kane.* See, also, to the same purport, *Rex vs. The Duchess of Kingston*, *Cowp.* 283 ; *Rex vs. Marks*, 3 *East* 163 ; *Archbold's Cr. Pl.* 40, 134, 163, 317 ; *State vs. Wellman*, 3 *Ham. Ohio Rep.* 14 ; *Tyler vs. Greenlaw*, 5 *Rand. R.* 711 ; *McCarty vs. The State*, 1 *Blackf.* 338 ; *Adair vs. The State*, *Ib.* 200 ; *Andres vs. The State*, 3 *Ib.* 108 ; *Long vs. The State*, *Ib.* 344 ; *Fowler vs. The Com.*, 4 *Mon. Rep.* 130 ; *Cone vs. Kimberlin*, 6 *Ib.* 434 ; *The People vs. Van Eps*, 4 *Wend. Rep.* 387 ; *The People vs. Stager*, 10 *Ib.* 431 ; *The People vs. Huggins*, *Ib.* 464 ; *The People vs. Gay*, *Ib.* 509 ; *The People vs. Blankman*, 17 *Ib.* 252.

Upon principle, as before remarked, and the preponderance of authority, we hold that it is not necessary, that a recognizance of bail should recite all the facts which prove that the officer, before whom it was acknowledged or executed, had jurisdiction to act in the particular case, if it is conditioned to do some act (as in this case) for the doing of which such an obligation may be properly taken. We, consequently, hold that the demurrer of the defendant, Byers, should have been overruled as to the second ground or cause assigned.

3. We have already determined the formality of the recognizance in this case. The only remaining question to consider under this cause of demurrer is, that part of it which pertains to the form of the *sci. fa.*, and this we have fully considered in another case, *Cannon et al. vs. The State*, the opinion in which has just been delivered. We hold, therefore, in this, as we held in that case, that the *sci. fa.* being strictly in conformity to the form prescribed by the 61*st section of the* 52*d chapter of the Di-*

*gest*, is all that can be required; and, consequently, that the court should have overruled the demurrer on the ground set out in this ground.

This disposes of the entire grounds covered by the *third* error assigned, which we have been considering, holding as we have done, that the court below should have overruled the demurrer of Byers upon all the grounds set out specially therein.

But, as the appellees insist that the demurrer should have been sustained on a cause not specially set out therein, *to wit :* "Upon the ground that there is a substantial variance between the *sci. fa.* and recognizance, in this—that the recognizance given on oyer, appears to have been taken before *Jesse Searcy* and *John L. Fraley*, two justices: the *sci. fa.*, purports to issue upon a recognizance taken before "*Jesse Searcy, J. P.*" We consider this such a variance as to render the *sci. fa.* defective, and we will sustain the judgment of the court below for this cause alone, treating the demurrer as performing the office of a plea of *nul tiel record.* 2 *Tidds' Prac.* 1106.

Whether a demurrer is, or is not, the proper plea to be interposed in a case, presenting the facts that this does, has not been considered in this cause, for the reason that it seems to be assumed on the part of the appellees, and not controverted by the counsel for the appellant, that a demurrer in such case answers the same office that a plea of *nul tiel record* usually does. Hence, we have not, on our own suggestion, considered the question in this aspect.

We will not consider this case as a precedent, in another case where the question is directly presented, whether the points we have been considering can be raised by demurrer.

For the cause above stated, the judgment of the Independence Circuit Court will be affirmed.

Absent, Mr. Justice SCOTT.