State *v.* Crowley.

---

### STATE OF MAINE *vs.* DAVID CROWLEY and others.

*Recognizance—construction of—what is sufficient in criminal prosecution.*

Section 24, c. 33 of Pub. Laws of 1858, which provides that no surety in any recognizance 'taken by virtue of the provisions of this act,' shall be discharged from his liability therein by a surrender of his principal in court after he has been defaulted upon his recognizance, applies to those recognizances only mentioned in the preceding clause of the section; and does not apply to recognizances taken in the supreme judicial court 'in proceedings under this act,' and in conformity with Pub. Laws of 1867, c. 130, § 6, which latter act is 'additional to, and amendatory of' the former.

When, from the tenor of a recognizance in a criminal prosecution it can be sufficiently understood at what court the party was to appear, and from the description of the offense charged, that the magistrate was authorized to require and take the same, an action upon the recognizance cannot be defeated upon the ground that it contains conditions additional to those authorized by the statute.

State *v.* Crowley.

Thus, in a recognizance taken in the supreme judicial court, under Pub. Laws of 1867, c. 130, § 6, the condition provided not only that the party respondent shall appear and answer to the complaint at the court designated, but also that he 'shall abide and perform the order and judgment of the court that may be rendered therein, and shall not depart without license;' *Held,* that the recognizance is sufficient, and that the extra-statutory conditions may be rejected as surplusage.

ON EXCEPTIONS to the ruling of *Goddard,* J., of the superior court for this county.

The superior court having been established in 1868, Pub. Laws of 1868, c. 216, § 1, provided that at the end of the then next succeeding July term of the supreme judicial court, all original and appellate jurisdiction in criminal business vested in that court should be transferred to the superior court.

SCIRE-FACIAS on a recognizance entered into at the July term, 1868, of the supreme judicial court for this county, in the sum of five hundred dollars, as provided in Pub. Laws of 1867, c. 130, § 6. The condition of the recognizance was of the following tenor :

' That if the said David Crowley shall personally appear before the superior court, to be holden at Portland, within and for the. county aforesaid, on the first Tuesday of January next, to answer to all such matters and things as may be objected against him in behalf of the State, relative to an complaint found against him, now pending in said court, for keeping and depositing liquors at Portland aforesaid, in the shop kept by him and said Patrick, on the northerly side of Commercial street, being the third building westerly of India street, with intent to sell the same in violation of law, and shall abide and perform the order and judgment of the court that may be rendered therein, and shall not depart without license, then this recognizance to be void, otherwise to be in force.'

The defendants pleaded *nul tiel record,* with a brief statement alleging that the recognizance was void.

The prosecutor replied that there was such a record, and prayed inquiry by view and inspection.

On the third day of the May term, 1869, the sureties surrendered the principal defendant into court, and moved that they be dis-

charged upon payment of costs; and the principal defendant prayed that the penalty of the recognizance be remitted.

But the presiding justice ruled, that § 24, c. 33 of Pub. Laws of 1858, applied to the recognizance, and denied the motion upon that ground. Thereupon the case went to trial.

The defendants claimed that the recognizance was void because the condition thereof was not authorized by law. But the court ruled otherwise, and rendered judgment for the State in the sum of five hundred dollars and costs; and the defendants alleged exceptions.

So much of the statutes as is essential will be found in the opinion.

*W. L. Putnam*, for the defendants.

*T. B. Reed*, attorney-general, for the State.

BARROWS, J. David Crowley recognized with the other defendants as his sureties at the July term of this court, 1868, in the sum of $500 for his appearance at the next January term of the superior court for Cumberland county (to which the criminal jurisdiction of this court in that county was then transferred), to answer to a complaint for the offense of keeping liquors in his shop in Portland, with intent to sell the same in violation of law. They were defaulted on the recognizance at the January term, but at May term following (the next term at which criminal business was transacted), on the third day of the term, after *scire-facias* had been issued, the sureties surrendered the principal in court, and thereupon moved that they themselves might be discharged on payment of costs. The judge overruled the motion, not as matter of discretion, but because he held that the statute of 1858, c. 33, § 24 (forbidding the remission by any court, of any portion of the penalty of any recognizance taken by virtue of the provisions of that act, in any suit upon such recognizance, or the discharge of any surety from his liability thereon by a surrender of the principal in

court, after a default upon the recognizance), applied to this case and imperatively precluded any such remission or discharge.

A provision so highly penal in its nature as that above cited, from § 24, affecting not only persons charged with offenses, but sureties also, is to be strictly construed, and not extended by construction to cases not clearly falling within its terms. The claim on the part of the State is, that ' any recognizance taken by virtue of the provisions of this act,' is identical with ' any recognizance taken in any proceedings under this act.' We do not think it can be properly so construed. The recognizance ' taken by virtue of the provisions of this act,' spoken of in the third paragraph of § 24, c. 33, Laws of 1858, must mean the recognizances specially provided for in the preceding paragraph, in immediate connection with which this provision occurs. These seem to be the only recognizances which are taken ' by virtue of the provisions of this act.' Other recognizances, though taken in the course of proceedings under that act, cannot be said to be taken by virtue of its provisions. They are taken ' by virtue of' the common-law authority vested in the court to compel parties to answer to its process, civil or criminal, and of certain constitutional and statutory provisions conferring and regulating the power to require them.

The second paragraph of § 24 runs thus: ' In case of appeal from a sentence of imprisonment under the seventh section of this act, the penal sum of the recognizance shall be two hundred dollars; and in all other appeals from any judgment or sentence of a magistrate in proceedings under this act, the penal sum of the recognizance shall be one hundred dollars.' Then follows the prohibition of remission or discharge; and it seems to apply to these recognizances thus specially provided for. The legislature had just had occasion to use the phrase ' in proceedings under this act,' and it is not probable that they would have adopted a different phraseology if they had designed to convey the same idea, or to interfere with the general power conferred upon the court in R. S. c. 133, § 19, except in relation to the recognizances they had just specifically provided for.

In 1867, by an additional act, c. 130, § 6, it is provided, among other things, that 'no recognizance in the supreme judicial court, in proceedings under said acts (c. 33, 1858, and c. 130, 1867), shall be in a penal sum less than five hundred dollars.' But no such restriction upon the discretion of the court is appended to this provision; and there would seem to be little propriety in applying the same rule to the $500 recognizances taken under the law of 1867, which was thought suitable in the case of the smaller recognizances taken by virtue of the provisions of the act of 1858.

At least, it was not done by the legislature, and we think the judge of the superior court erred in transferring it by construction to the recognizance taken in this case, in the sum of $500 in conformity to the provisions of the act of 1867.

The defendant further contends, that, inasmuch as the condition of this recognizance provides not only that David Crowley shall appear and answer to the complaint at the court designated, but that he shall abide and perform the order and judgment of the court that may be rendered therein, and shall not depart without license, the whole recognizance is void, and no action can be maintained upon it for the breach of any of the conditions.

With R. S. 1857, c. 133, § 20, before us, we should hesitate about coming to such a conclusion, even though we might be of the opinion that the requirement that David Crowley should perform the judgment of the court was unauthorized.

Under statutes substantially similar, it was held in *Commonwealth* v. *Nye*, 7 Gray, 316, that a recognizance conditioned among other things that the principal 'shall do and receive that which by the said court shall be then and there enjoined upon him,' was valid and sufficient. The offensive condition is quite as prominent as in the case at bar.

' Superadded words of condition beyond what are authorized by the statute, do not invalidate the recognizance, but it has precisely the same effect as if they had been omitted.' *Howe* v. *State*, 1 Ala. 113.

Referring now to R. S., 1857, c. 133, § 20, above cited, inasmuch

as it can be sufficiently understood from the tenor of this recognizance at what court the party was to appear, and from the description of the offense charged, that the magistrate was authorized to require and take a recognizance in the case, we hold that the action cannot be defeated on account of what may well be rejected as mere surplusage. If David Crowley would have saved his sureties from grief and loss he should have appeared and answered to the charge at the court specified. It will be time enough for his sureties to complain when they are required to see that he does anything more. The court has said in *State* v. *Young*, 56 Maine, 221: ' The conditions of all recognizances are fixed by law. Hence parties and their sureties understand perfectly what their liabilities are; and when defective or illegal recognizances have been returned, there can be neither hardship nor injustice in allowing them to be amended as soon as the defect or error is discovered.' And this may be done even after suit commenced upon the recognizance. *State* v. *Young*, *ubi supra*, and cases there cited.

The cases in which the recognizances have been declared invalid, and which are relied on here in defense, will all be found to be cases of recognizances taken in civil cases. To such recognizances the provisions of R. S. of 1857, c. 133, § 20, do not apply.

But the judge should have ascertained whether the failure to appear was so far excusable that the claims of justice would not be prejudiced by a remission of the penalty instead of holding that no such remission was allowable under any circumstances.

*Exceptions sustained.*

APPLETON, C. J.; WALTON, DICKERSON, and DANFORTH, JJ., concurred.