## Case No. 15,199.

UNITED STATES v. GEORGE et al.

[3 Dill. 431;[1] 2 Cent. Law J. 77; 22 Pittsb. Leg. J. 103.]

Circuit Court. D. Minnesota. 1874.

ACTION ON RECOGNIZANCE—AUTHORITY TO TAKE —REQUISITES OF DECLARATION.

1. Leave by the trial court to the plaintiff to amend his declaration upon a forfeited recognizance given in a criminal proceeding, held not to be erroneous.

2. Where a recognizance contains the usual provision that the party shall appear to answer to a particular charge "and not depart said court without leave thereof." it seems not to be essential to its validity that it shall on its face describe the particular offense with which the party is accused.

[Cited in State v. Edgerton. 12 R. I. 106.]

3. The recognizance in suit held to describe the particular offense with sufficient certainty.

4. In a proceeding upon a recognizance by declaration instead of scire facias. it is not necessary where the officer taking it has jurisdiction over cases of the general description named in the recognizance to aver the existence of the particular facts. which establish that the officer had authority to take it: following People v. Kane, 4 Denio. 530, and State v. Grant. 10 Minn. 39 [Gil. 22].

Error to the district court [of the United States for the district of Minnesota].

The action in the district court was upon a recognizance entered into by the plaintiffs in error as the sureties of one Hiram George. in the sum of $5,000. before by I. N. Cardozo, Esq. a commissioner for the circuit court for the district of Minnesota.

The condition of the recognizance appears in the following opinion of NELSON. District Judge, in the district court. on demurrer to the petition:

This action is brought on a recognizance entered into before a commissioner of the United States circuit court, by which Hiram George. as principal. Wm. H. Grant and Francis X. Brosseau. acknowledged that they owe the United States five thousand dollars upon the condition "that the said Hiram George shall be and appear at the district court of the United States, to be holden at Winona. in said district. on the first Monday of June, A. D. 1869, to answer to such matters and things as shall be objected to him on behalf of the United States for unlawfully, falsely and deceitfully uttering and publishing as true, certain false. forged and counterfeited writings for the purpose of defrauding the United States. then and there knowing the same to be false. forged and counterfeited, and not depart said court without leave thereof." &c. It is alleged in the

[1] [Reported by Hon. John F Dillon, Circuit Judge. and here reprinted by permission.]

declaration that the recognizance was filed for record. and that at the June term of the court, 1869. on the first day thereof, the defendant was called to appear, but that he failed to do so. and a default was entered against all the parties. A demurrer was filed by the defendants. The point presented by the demurrer and relied upon by the counsel for the defendants is, that no offense is charged in the recognizance over which this court can take jurisdiction.

The statute (14 Stat. 12) enacts "that if any person or persons shall utter and publish as true. any false, forged, altered or counterfeited bond, bill * * * or other writing, for the purpose of defrauding the United States, knowing the same to be false, forged, altered. or counterfeited. every such person shall be deemed guilty of a felony, and shall be punished," &c. The commissioner, in the recognizance, has followed the language of the statute without particularly setting forth the kind of writing with which the accused intended to defraud the government. The intent being the gravamen of the charge, and a necessary ingredient of the crime, the authority of the commissioner to act is apparent from the instrument; the offense is set forth with sufficient clearness to enable the accused to ascertain the principal charge he was expected to meet. and greater nicety in setting out the offense was, to say the least. discretionary; it was not required in the warrant of arrest. would have been unnecessary in the mittimus, and no good reason can be urged why it should be any more minutely described in the recognizance. In warrants of arrest some eminent criminal writers have claimed that it was unnecessary to set out the charge or offense at all, and none have deemed it necessary to set forth the offense alleged against the party with more than convenient certainty. The same rule would apply to the recognizance, and enough should be set out to show jurisdiction; no greater certainty is required. The case of U. S. v. Hand [Case No. 15,296], cited by the counsel for the defendants, is not inconsistent with the views laid down by us in regard to statutory offenses. In that case the defendants entered into a recognizance upon the condition "to answer a charge of wilful and corrupt conspiracy for burning the steamboat Martha Washington on the Mississippi river." It is an offense against the laws of the United States to enter into a conspiracy to burn a steamboat with intent to injure certain underwriters. The court sustained the demurrer on the ground that no offense could be committed over which the federal courts had jurisdiction, unless the conspiracy to burn had been entered into with intent to injure the persons named in the act of congress creating and defining the crime. The intent in the case before us is a necessary element of the offense, and is fully set forth in the recognizance. Without the allegation that the uttering and publishing as true. was with the

fraudulent intent specified in the statute, no crime would have been set out. Any writing, without reference to its character, when uttered and published with the intent specified in the act of congress, will subject the party to a criminal prosecution under this statute (14 Stat. 12). So under the act of congress considered by the court in U. S. v. Hand [supra], it was not the name of the steamboat that entered into the offense created by the statute, but the intent with which the conspiracy was entered into.

Upon this view of the case I think the demurrer should be overruled, with leave to plead in twenty days.

On the overruling of this demurrer the defendants pleaded that at the time of making the recognizance the said Hiram George was unlawfully imprisoned by the said Cardozo and others in collusion with him, in the common jail, and was there unlawfully kept and detained until the said recognizance was executed to procure the release of the principal from such wrongful imprisonment. Issue was taken on this plea, and the case was by stipulation tried to the court, who found that the bond was not procured in the manner pleaded, and gave judgment against the defendants for the amount of the recognizance. To reverse this judgment, the sureties in the recognizance prosecute this writ of error.

Masterson & Simons, for plaintiffs in error.
Wm. W. Billson, Dist. Atty., for the United States.

DILLON, Circuit Judge. 1. The recognizance in this case was sought to be enforced by a complaint or declaration, and thereto the defendants first pleaded, in effect, nul tiel record, and on this plea the cause was tried before the court, and after its submission the court "ordered that the plaintiff have until the first day of the next term to amend its complaint, and upon failure to do so that judgment be entered in favor of the defendants."

The action of the court permitting the plaintiff to amend the declaration is assigned as error. The record does not state that any exception to this ruling of the court was taken, and there is nothing to show that the court improperly allowed the declaration to be amended.

2. An amended declaration having been filed, the defendants demurred thereto, substantially on the ground that no offense is stated in the recognizance over which the court can take jurisdiction. The demurrer was overruled, and this ruling is now assigned as error. This objection assumes that it is essential to the validity of a recognizance that it shall specify or describe the particular offense with which the principal cognizor is charged—a proposition which I do not decide, though I do not wish to be understood as conceding it to be sound. It is perhaps

sufficient that the papers filed in the principal case or proceeding, and the entries of record therein, show that the recognizance is one taken by a competent court or officer in a proceeding properly commenced, and within the jurisdiction of the tribunal or magistrate taking the obligation. State v. Randolph, 22 Mo. 474, and authorities cited. The recognizance in suit contains, inter alia, a provision that the principal should "not depart from said court without leave thereof," the effect of which, according to Hawkins (Hawk. Pl. C. bk. 2, c. 15, § 84), whose language is approved in the last case cited, is that the party shall not only appear and answer the particular charge, but also "be forthcoming and ready to answer to any other information exhibited against him while he continued not discharged." See, also, People v. Stager, 10 Wend. 431; Champlain v. People, 2 Comst. [2 N. Y.] 81.

I believe there are cases in this country holding that such a provision does not dispense with the necessity of the recognizance describing the particular charge for which the party is to answer, but I do not care to enter upon this inquiry, because, conceding for the purposes of this case, that the special offense must be described in the recognizance, my judgment is that in the case before me it is described with sufficient certainty. The reasons for this view are very satisfactorily stated in the opinion of the district judge in whose conclusion I fully concur, and whose judgment will be found supported by the following cases: State v. Randolph, supra; State v. Rogers (horse stealing), 36 Mo. 138; State v. Marshall (seduction), 21 Iowa, 144; Besimer v. People, 15 Ill. 439; Browder v. State, 9 Ala. 58; Hall v. State, Id. 827; Com. v. Nye, 7 Gray, 316; People v. Blankman, 17 Wend. 252; State Treasurer v. Bishop, 39 Vt. 353.

3. The next assignment of error is that the recognizance on its face, or in connection with facts stated in the declaration, does not show that the commissioner had any jurisdiction or authority to take it. And in argument it is insisted that it does not appear by the recognizance or such parts of the record as are before the court that the offense was committed by George within the district, or when committed, etc. It is not necessary that these circumstances should be shown on the face of the recognizance. In New York, where the proceeding is by declaration instead of scire facias, it has been expressly decided that in such a declaration it is not necessary to aver the special facts showing the officer had authority to take the recognizance in the particular case. People v. Kane, 4 Denio, 530; Champlain v. People, 2 Comst. [2 N. Y.] 81; and these cases have been expressly approved by the supreme court of Minnesota, as applicable to the proceedings in this state as to admitting offenders to bail. State v. Grant, 10 Minn. 39, 48 [Gil. 22]; U. S. v. Rundlett [Case No. 16,208]; U. S. v.

Horton [Id. 15,393]; Furgison v. State, 4 G. Greene, 302.

As none of the assignments of error are well taken, the judgment of the district court must be affirmed. Affirmed.