RECOGNIZANCE — *whether it must be returnable to the first day of term.* A recognizance, with condition that principal cognizor " shall personally be and appear at the district court, within and for the county of Arapahoe, at a term thereof, to be held at Denver, in the said county, on the first Monday of October next, A. D. 1872," binds the party to appear on the first and every other day of the term specified, and upon his failure to do so, the recognizance may be forfeited at the same term.

*Whether scire facias may issue upon it.* When certified into the district court, pursuant to the statute (R. S. 250), a recognizance taken by a justice of the peace becomes matter of record, and upon forfeiture, the proper remedy to obtain execution thereof is by *scire facias.*

*Taken by two justices.* That a recognizance was taken by two justices of the peace in a case where one may lawfully act, will not impair its force or validity.

*What it should contain.* All of the proceedings by which the justice acquired jurisdiction in the case need not appear in a recognizance of bail. The offense and the official character of the magistrate are enough.

*How the offense should be described.* Where the recognizance recites that the principal cognizor is held to appear " for the offense of being a common gambler," the nature and character of the offense is sufficiently described.

*Whether execution may be awarded against one of several cognizors.* Service upon one of several cognizors is sufficient to warrant award of execution as to him, although others are not found. †

*Of the return to scire facias.* As to those defendants who cannot be personally served with *scire facias* within the jurisdiction, the proper return to be made by the sheriff is " not found."

## Error to District Court, Arapahoe County.

THE recognizance was of Charles Jennings as principal, and Edward Chase (plaintiff in error) as surety, dated June 21, 1872, taken by two justices, and returned into the district court, August 31, 1872. The condition was as follows:

" The condition of this recognizance is such that if the said Charles Jennings shall personally be and appear at the

---

* Two other cases removed into this court by the plaintiff in error, presented substantially the same facts, and were determined in the same way.

† 1.—The record shows two returns " not found " as to Jennings, and that execution was awarded against him, as well as the surety, but he did not join in the writ of error, and it was alleged on behalf of Chase, the present plaintiff in error, that he had not been served.

district court within and for the county of Arapahoe, at a term thereof, to be held at Denver, in said county, on the first Monday of October next, A. D. 1872, to answer any indictment that may be preferred against him for the offense of being a common gambler, and to do and receive what shall be by the court then and there enjoined upon him, and shall not depart the said court without leave, then this recognizance to be void, otherwise to remain in full force and effect."

At the October term, 1872, of the district court, an indictment was returned against Jennings, and afterward, and at the same term, his recognizance was forfeited. A *scire facias* was issued March 18, 1873, returnable to the April term of the district court, which was served upon Chase, and as to Jennings, the return was "not found." At the April term the cause was continued, and an alias *scire facias* sued out, returnable to the next term, which was also returned "not found" as to Jennings, and at the October term, 1873, execution was awarded against both Jennings and Chase. Thereupon, the said Chase sued out this writ of error, which was made a supersedeas.

Mr. H. R. HUNT, for plaintiff in error.

Mr. M. A. ROGERS, district attorney, *contra.*

BELFORD, J. *Scire facias* on a recognizance. The record shows a recognizance regularly taken by two justices of the peace, by which one Charles Jennings, the principal, bound himself to the people of the territory in the sum of $200, and Edward Chase, the plaintiff in error, bound himself as surety in the same amount, and which is conditioned that the principal "shall be and personally appear at the district court within and for the county of Arapahoe, at a term thereof to be held at Denver in said county, on the first Monday of October next, A. D. 1872, to answer any indictment that may be preferred against him for the offense of being a common gambler, and to do and receive what shall be by the court

VOL. II.— 67

then and there enjoined upon him, and shall not depart the
said court without leave, then this recognizance to be void,"
etc. It further appears that this recognizance was duly filed
in the office of the clerk of said court on the 31st day of
August, 1872, and attached to said recognizance was a cer-
tificate of said justices, stating that the bond had been
approved on the 21st day of June, 1872.

It further appears that on the 28th day of October ensuing
the execution of said bond, the district attorney had Jen-
nings and Chase, the principal and surety in said recogni-
zance, called and defaulted for want of appearance. Where-
upon it was considered by the court that the said Charles
Jennings and Edward Chase have broken the conditions of
the said recognizance, and that the same be taken as for-
feited, and that a *scire facias* issue returnable to the next
term of the court. The *scire facias* was accordingly issued
and returned by the sheriff served as to Chase and not found
as to Jennings. At the September term, 1873, an alias writ
of *scire facias* was issued against Jennings, and returned
as before, not found. At the October term of the court,
1873, Chase and Jennings were defaulted, and execution was
thereupon awarded against Chase, and Jennings was ruled
to plead within four days. On the 15th day of October the
default as to Chase was set aside, and he was permitted to
interpose his demurrer to the *scire facias*, which, after being
argued and duly considered, was overruled.

On the 12th day of December, 1873, it still being of the
October term, Jennings having failed to plead, as previously
ordered, and Chase abiding his demurrer, the court awarded
execution against both Chase and Jennings.

The errors assigned in this case are numerous, and have
all been patiently considered. It is contended that Jennings
and Chase had all of the October term, 1872, in which to
appear, and that the court had no power to enter a default
during that term, or to award the writ of *scire facias*. We
do not think that this construction of the recognizance is the
proper one. The condition that the principal should appear
at the next term of the district court, to be holden on the

first Monday of October, and to do and receive what shall be by the court then and there enjoined, and not depart the said court without leave, is tantamount to an undertaking to appear on the first and every other day of the term, unless sooner discharged. The conditions of all recognizances are fixed by law, and parties and their sureties understand perfectly what their liabilities are, and there can be neither hardship nor injustice in holding that a bond conditioned for the appearance of a party "at the next term of the district court to be holden on the first Monday of October," imposes upon the party executing such bond the duty of appearing on the precise day, to wit, the first Monday; and to this effect would seem to be the cases of *Wilson* v. *The State*, 6 Blackf. 212; *People* v. *Blankman*, 17 Wend. 252; *State* v. *Crowley*, 60 Me. 103; *State* v. *Eastman*, 42 N. H. 265; *State* v. *Davis*, 43 N. H. 600.

It is claimed that *scire facias* is not the proper remedy. We think differently. The recognizance, when filed with the clerk, becomes a matter of record. *Shattuck* v. *The People*, 4 Scam. 481; *Benedict* v. *Cutting*, 13 Metc. 181.

It is insisted that a recognizance, taken before a justice, must substantially set forth proceedings, which evidence the authority of the justice to require bail from the accused, or recognizance, is void. The better opinion seems to be otherwise. If the official character of the magistrate appear, and the offense for which bail is entered be bailable, by the statute, this would seem to suffice. The recognizance need not recite all the facts which show that the officer had jurisdiction to act in the particular case. *The People* v. *Kane*, 4 Den. 530; *McFarlan* v. *The People*, 13 Ill. 9.

Nor need the offense be described with the same particularity as in an indictment. The offense specified in the recognizance is that of being a common gambler. This is as specific as that mentioned in the case of the *United States* v. *Deins*, 1 Bond, 103, where the condition was to answer for the crime of stealing from the mail of the United States. See also *State* v. *Hamer*, 2 Ind. 371.

When a *scire facias* issues upon a joint and several

recognizance of this nature, and service is had upon one or more of the cognizors, execution may be awarded against those served with process, upon a return of *nihil* against such as are not found. *Sans* v. *The People*, 3 Gilm. 334; *Wheeler* v. *The People*, 39 Ill. 432.

It is insisted that a return of "not found" is not equivalent to a return "*nihil*," or "that he hath nothing in my bailiwick." The object in suing out the writ of *scire facias* is to compel the defendants to show cause, if any, why execution should not be awarded against them. The object of the writ is not to ascertain whether goods or chattels can be found in the bailiwick out of which to satisfy the penalty of the recognizance, but to reach the person and notify him that unless he show cause, an execution shall issue. It would seem that the proper return would be "not found."

We find no error in the rulings of the court, and accordingly affirm the judgment.

*Affirmed.*