# PROVIDENCE COUNTY.

### STATE *vs.* ANN EDGERTON.

This court will take judicial cognizance of the jurisdiction of Justice Courts.

A recognizance described the violation of a statute as follows, that —— "did unlawfully sell and suffer to be sold intoxicating liquors against the statute," &c. These words aptly described the offence, but they also applied equally well to the violation of other statutes under which a recognizance like the one in question could not be taken:

*Held,* on demurrer to a writ of *scire facias,* that the recognizance was *primâ facie* valid.

When the offence described authorizes the recognizance, this court will presume that the recognizance was taken in a proper case.

A recognizance imposed a condition not required by law:

*Held,* that the condition might be rejected as surplusage.

A writ of *scire facias* on a recognizance alleged that the cognizors, being thrice called in the Court of Common Pleas, did not appear and make good their recognizance, but wholly made default, as appears of record in said court; but it did not allege that the recognizance had been certified to the Court of Common Pleas, and there entered of record, nor that there had been a judgment of forfeiture, nor did it give the date of default:

*Held,* on demurrer, that the allegations were sufficient, and that the Court of Common Pleas being a court of superior jurisdiction, the regularity of its proceedings would be presumed.

In criminal cases as well as civil, the court will, in its discretion, allow a demurrer, even after argument and decision thereon, to be withdrawn, and pleas to be filed.

SCIRE FACIAS on a defaulted recognizance. On demurrer to the writ and on motion for leave to withdraw demurrer and to plead.

*April* 1, 1878. DURFEE, C. J. This is *scire facias* on a defaulted recognizance. The defendant demurs and assigns several causes of demurrer.

The recognizance, as recited in the writ, purports to have been taken by " the Justice Court of the city of Providence " on appeal from a sentence of that court upon a complaint under oath, setting forth with proper averments of time and place that the respondent " did unlawfully sell and suffer to be sold intoxicating liquors against the statute," &c. The condition is in the form prescribed by Pub. Laws R. I. cap. 508, § 24, June 25, 1875, being an act entitled " An act to regulate and restrain the sale of intoxicating liquors," for a recognizance given on appeal where the appellant has been convicted of a violation of § 18, or

of other sections of that act, except that it contains the superfluous words, " and in the mean time keep the peace towards all the people of this State."

The first two causes of demurrer raise the question how far it is necessary for a recognizance to show upon its face the jurisdiction of the court or magistrate taking it, when it is taken by an inferior court or magistrate. The first cause of demurrer is that it is not alleged that the court taking the recognizance had jurisdiction. We consider this of no consequence, because it is alleged that the recognizance was taken by " the Justice Court of the city of Providence ; " and we know as matter of law that that court has jurisdiction to take recognizances, conditioned like the one in suit, in proper cases. The only question is, whether the recognizance shows sufficiently that it was taken in a proper case.

Upon this point the only objection suggested is that which is made by the second cause of demurrer, namely, that it does not appear that the recognizance was taken upon any complaint properly charging any offence or crime. The charge in the recognizance is, as we have stated, that the respondent " did unlawfully sell and suffer to be sold intoxicating liquors against the statute." If we are to suppose that the recognizance recites the charge in the language of the complaint, then doubtless the complaint was fatally defective and consequently the recognizance itself void. But this we do not suppose. On the contrary, we suppose the words quoted were used simply to designate an offence which is more technically charged in the complaint. We regard it as perfectly well settled that a recognizance need not specify the offence with the precision required in a complaint or indictment, but may merely designate it in general terms. *People* v. *Blankman*, 17 Wend. 252 ; *Browder* v. *The State*, 9 Ala. 58 ; *Besimer* v. *The People*, 15 Ill. 439 ; *Daniels* v. *The People*, 6 Mich. 381 ; *State* v. *Marshall*, 21 Iowa, 143, 144 ; *Hall* v. *The State*, 9 Ala. 827. The words quoted describe a violation of cap. 508, § 18, a complaint for which is triable in a Justice Court and appealable to the Court of Common Pleas, the recognizance to be taken on appeal being like the one in suit. There would therefore be no difficulty if the words quoted described *only* a violation of cap. 508, § 18. The trouble is, they de-

scribe almost equally well several other offences against other statutes, in any prosecution of which a recognizance like the one in suit would not be properly taken.   Gen. Stat. R. I. cap. 78, §§ 5 and 6; Pub. Laws R. I. cap. 264, §§ 4, 5, and 6; May 31, 1872, and March 5, 1873.   While, therefore, it is highly probable that the recognizance was taken in a proper case, the description of the offence is not such as to preclude the possibility that it was not so taken.   Such being the fact, can the recognizance be sustained as valid or as *primâ facie* valid ?

There are cases which hold that when a recognizance is taken by an inferior tribunal or magistrate, the jurisdiction must be made to appear as clearly as in a judgment or other proceeding *in invitum*.   Under the rule applied in those cases, many of which are cited by the defendant, the recognizance in suit would be void.   But there is another line of decision, which is less exacting.   The question of what is the rule was carefully considered in *The People* v. *Kane*, 4 Denio, 530, the court being divided in opinion.   Mr. Justice Beardsley delivered a learned and elaborate opinion sustaining the stricter rule.   But a majority of the court held that when a recognizance has a condition for the doing of some act for which such an obligation may be properly taken, and the tribunal or magistrate taking it has authority in cases of that general description, it will be *primâ facie* valid, even though it does not set forth all the particular facts required to give jurisdiction, for the reason that giving a recognizance is a voluntary act, and it may, therefore, be presumed that it would not have been given, unless the facts were such as would authorize it to be taken.   The rule thus laid down has been widely approved and followed in subsequent decisions.   *Gildersleeve* v. *The People*, 10 Barb. S. C. 35; *Champlain* v. *The People*, 2 N. Y. 82; *The State* v. *Williams*, 17 Ark. 371; *The People* v. *Dennis*, 4 Mich. 609; *State* v. *Hamer*, 2 Ind. 371; *State* v. *Grant*, 10 Minn. 39; *United States* v. *George*, 3 Dill. 431.   We think it is the better rule.   But even this rule requires that the recognizance shall show not only that it was taken by a tribunal or magistrate having authority, but also in one of a class of cases in which such a recognizance may lawfully be taken.   If the meaning is that the recognizance must show this with absolute certainty, the recognizance in suit does not meet the requirement; for as we have

seen, the description of the offence is such as to leave a possibility that the proceeding including the recognizance was unauthorized. There are cases which indicate that a certainty so absolute is not required. *Besimer* v. *The People*, 15 Ill. 439; *State* v. *Marshall*, 21 Iowa, 143, 144; *Daniels* v. *The People*, 6 Mich. 381. And indeed we see no reason why, when the offence described may have been such as to authorize the recognizance, we may not as readily presume that the recognizance would not have been given, unless it was such an offence, as that the recognizance would not have been given unless the special facts authorizing its caption existed. In either case we have only to presume that a court or magistrate having jurisdiction has properly exercised it, inasmuch as he may have properly exercised it for anything that appears. Our conclusion is that the recognizance is *primâ facie* valid. If there is in fact any defect or illegality in the proceeding which renders the recognizance void, that will be matter of defence. *Daniels* v. *The People*, 6 Mich. 381, 387; *Champlain* v. *The People*, 2 N. Y. 82.

The third cause of demurrer is that the recognizance imposes a condition not required by law. We do not think the recognizance is void on that account. The superfluous condition may be rejected as surplusage. *Howie & Morrison* v. *The State*, 1 Ala. 113; *State* v. *Crowley*, 60 Me. 103.

The fourth cause is that the writ does not allege that the recognizance was certified to the Court of Common Pleas and there entered of record. This, though not alleged, is implied in what is alleged, namely, that the cognizors being thrice called did not appear and make good their said recognizance, but wholly made default *as appears of record in said court*. The Court of Common Pleas is a court of superior jurisdiction, and, therefore, the regularity of its proceedings may be presumed. *Gedney* v. *The Commonwealth*, 14 Grat. 318.

The fifth cause of demurrer is that it is not alleged that there has ever been any judgment of forfeiture. It is alleged that the cognizors, being called in the Court of Common Pleas, " made default as appears of record in said court." This is all that is required under our statute to authorize the issuing of a writ of *scire facias*. Gen. Stat. R. I. cap. 236, § 25; *Potter* v. *Kingsbury*, 4 Day, 98; *Andress* v. *The State*, 3 Blackf. 108; *State* v. *Grant*, 10 Minn. 39.

The last cause of demurrer is that the writ does not state on what day of the term the recognizance was defaulted, and that consequently it may have been the first, whereas a default before the second day would be invalid. But the Court of Common Pleas is, as we have already said, a court of superior jurisdiction, and we may therefore presume, until the contrary is shown, that the defaulting was authorized.          *Demurrer overruled.*

After the foregoing opinion overruling her demurrer, the defendant moved for permission to plead.

*July* 13, 1878.   POTTER, J.   Even under the very strict practice in the English courts, under the old system, this was allowed. See *Robinson* v. *Rayley*, Burr. 316 ; and in *Collins, Sen.,* v. *Collins, Jun.*, before Lord Mansfield, Burr. 820, 823, 827, the plaintiff demurred, and after argument and opinion delivered he was allowed to withdraw the demurrer and plead.

And in this country the practice has always been liberal. There is an obvious advantage in having a question of law settled in the beginning of proceedings, as the result may be to save the time of the court and parties, and to save to the State the expense of a jury trial. And with the power which the court has to refuse leave to withdraw, when the demurrer has been obviously filed for delay, and to impose conditions on granting leave, there can be little danger from the practice.

And we can see no reason why this discretion should not be used in a case where the State is a party as well as between individuals.          *Motion granted.*

*Edmund S. Hopkins*, Assistant Attorney General, for plaintiff.
*Charles E. Gorman*, for defendant.